402 So.2d 877 (1981)
Norman Dennis PARKER and Maxine Parker
v.
Robert T. KING, The Mobile Infirmary, a corporation.
79-951.
Supreme Court of Alabama.
May 1, 1981.
Rehearing Denied July 24, 1981.
Richard W. Bell, Pelham, and Jerry L. Hutcherson, Pascagoula, Miss., for appellants.
W. Boyd Reeves of Armbrecht, Jackson, DeMouy, Crowe, Holmes & Reeves, Mobile, for appellee Dr. Robert T. King.
James J. Duffy, Jr., Carroll H. Sullivan, and James J. Duffy, III of Inge, Twitty, Duffy & Prince, Mobile, for appellee The Mobile Infirmary.
MADDOX, Justice.
This is an appeal from the trial court's granting of summary judgment in favor of the defendants in a medical malpractice case arising out of a knee operation performed upon plaintiff-appellant Norman Dennis Parker by the defendant Dr. Robert T. King at the defendant hospital, Mobile Infirmary.
Plaintiffs-appellants Norman Dennis Parker and his wife, Maxine Parker, sought to recover damages against defendant Dr. King for his negligence or malpractice in rendering care to plaintiff Norman Dennis Parker. Appellant Norman Dennis Parker sought damages from Mobile Infirmary on the theory that Mobile Infirmary was negligent in allowing Dr. King to perform surgical procedures on its premises and for failure to provide competent medical care and treatment. Mrs. Parker claimed damages for loss of consortium.
Dr. King and Mobile Infirmary filed motions for summary judgment, supported by an affidavit by Dr. King that in his opinion, he was not guilty of any negligence. Defendants also filed a deposition of Dr. King in which Dr. King detailed the surgical procedures he performed and the treatment he had given to the plaintiff.
The motions for summary judgment by the doctor and the hospital were filed on different dates, and the trial court set the motions down for hearing on several occasions, and finally granted both motions. Plaintiffs asked the trial judge to reconsider his order, and he did set aside his previous orders granting summary judgment, but later entered orders granting both motions.
Appellants argue two points on appeal: (1) one that he had inadequate notice of the *878 dates set for hearing the motions, and (2) that the movants failed to sustain their burden of showing that no genuine issue of fact existed in the case.
Because we hold that the granting of summary judgment was inappropriate, we need not address the first question of whether plaintiffs received adequate notice of the date set for the hearings on the motions. We do address the second issue, and agree with plaintiffs-appellants that the defendants failed to sustain their burden of proof to show they were entitled to summary judgment.
Plaintiffs' theory of recovery was grounded upon their claim that "[t]he expected result of the surgery was the removal of the right medial meniscus cartilage contained in Parker's right knee." Appellants also claim that "[a]ccording to Dr. King's operative notes concerning this surgery, the medial meniscus cartilage was entirely removed."
In a counteraffidavit, Norman Dennis Parker stated:
My name is Norman D. Parker and I am the plaintiff in the case of PARKER VS. KING, Civil Action Number CV-79-000335, which is now pending in the Circuit Court of Mobile County, Alabama. On March 14, 1977, Dr. Robert T. King performed a surgical procedure on my right knee and the procedure was a right medial meniscectomy. After the operation, Dr. Robert King stated that all cartilage had been removed from my knee. I experienced additional pain and disability after the operation. Additional treatment was necessary by other physicians for the pain and disability. Those physicians found medial meniscus cartilage in my right knee. This was contrary to the statements of Dr. King and contrary to the medical reports that were written concerning my care and treatment at the Mobile Infirmary.
The fact that the hospital (Mobile Infirmary) allowed Dr. King to perform the surgical procedure and to indicate that all cartilage had been removed (when, in fact, it was not removed) did not provide me with competent medical care while in the Mobile Infirmary. The hospital allowed Dr. King to admit me to the hospital (Mobile Infirmary) and to treat me at the Mobile Infirmary when, in fact, he was not competent to do so, according to the records kept by the Mobile Infirmary.
I am still disabled at this date as the result of Dr. King's negligence and as a result of the negligence of the Mobile Infirmary.
When Dr. King was deposed, plaintiffs' counsel showed Dr. King an exhibit which purported to be a letter from an orthopedic surgeon, Dr. John P. Morse, who had examined Parker after he was discharged by Dr. King. In the letter, it was stated:
Examination shows that the patient has two scars of the knee. At the time of examining there is no effusion. There is some tenderness about the site of the scarring. The initial examination, however, does not reveal a definite click or other positive findings. As the patient has consistent complaints which are compatible with retained knee cartilage in the knee, it is felt that an arthrogram might be indicated. This was performed, showing a retained posterior horn and part of the anterior horn of the medial meniscus. Because of his symptomatology, and with the arthrogram findings, I have recommended the patient undergo repeat arthrotomy and meniscectomy of the right knee.
Dr. King was cross-examined about Dr. Morse's letter:
Q Doctor, have you had an opportunity to read that letter of August 3, 1978?
A I have.
Q Do you know Dr. Morse?
A No, I do not.
Q Would you state whether or not your findings, clinically, were consistent with his comments made in what will be marked as Exhibit Four to your deposition?
A This is the letter of August 3rd, 1978?
Q That's correct.
A All I can say is, I do not agree with his recommendations.
*879 It is axiomatic that if there is a scintilla of evidence supporting the position of the party against whom the motion for summary judgment is made, summary judgment may not be granted. Ancora Corporation v. Miller Oil Purchasing Company, 361 So.2d 1008 (Ala.1978).
It has often been stated that summary judgments are not proper in negligence cases. Moore's Federal Practice, Vol. 6, ¶ 56.17[42], p. 56-946. In Folmar v. Montgomery Fair Company, Inc., 293 Ala. 686, 690, 691, 309 So.2d 818 (1975), this Court stated:
A plethora of federal cases say that the party moving for summary judgment must clearly establish that the other party could not recover under "any discernible circumstances." Rotermund v. United States Steel Corp., 474 F.2d 1139 (8th Cir., 1973); Nyhus v. Travel Management Corp., 151 U.S.App.D.C. 269, 466 F.2d 440 (1972); Phoenix Savings and Loan, Inc. v. Aetna Casualty and Surety Co., 381 F.2d 245 (4th Cir., 1967). The moving papers of the defendant simply do not do that. There is certainly a possibility of a jury verdict for the plaintiff as the record stands now.
"(T)he record must negate the probability that evidence calling for a contrary result might be developed at the trial. If the pleadings, affidavits, and depositions available when the motion for summary judgment must be ruled on fail to resolve any relevant issue, summary judgment is premature." Beech v. United States of America, 345 F.2d 872 (5th. Cir., 1965).
The defendant has not precluded the possibility, as a matter of law, that the plaintiff might not prove her case. The fact that she is perhaps unlikely to prevail at trial is not a standard to be applied. Jobson v. Henne, 355 F.2d 129 (2d Cir., 1966); National Screen Service Corp. v. Poster Exchange, Inc., 305 F.2d 647 (5th Cir., 1962). The judge need not believe the opposing party's evidence in order to deny summary judgment. Nor must he feel that a jury would necessarily believe it. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944). The moving party is trying to show that there is no way whatsoever the other party could recover. Thus summary judgment can only be proper "where it is clear what the truth is." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). This is obviously another way of saying that there must not be a genuine issue as to any material fact. It is fairly obvious in this case that it is not yet clear "what the truth is." Did Mrs. Folmar trip over protruding legs of display tables or did she not?
The federal courts have followed a general rule which frowns upon the granting of summary judgments in negligence cases. This is due to the supposed superior competence of a jury in applying a standard of reasonableness to a certain set of facts. Experience has borne out the fact that negligence actions almost always present some unresolved questions of fact.
"Because of the peculiarly elusive nature of the term `negligence' and the necessity that the trier of facts pass upon the reasonableness of the conduct in all the circumstances in determining whether it constitutes negligence, it is the rare personal injury case which can be disposed of by summary judgment, even where the historical facts are concededly undisputed." Gauck v. Meleski, 346 F.2d 433, 437 (5th Cir. 1965).
Even though the negligence claims here involve alleged medical malpractice, the movants have failed to establish that plaintiff could not recover under "any discernible circumstances."
Each judgment of the trial court granting summary judgment in favor of the defendant, Dr. Robert T. King, and in favor of the Mobile Infirmary, a corporation, is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
JONES, SHORES and BEATTY, JJ., concur.
TORBERT, C. J., concurs specially.
*880 TORBERT, Chief Justice (concurring specially).
I concur specially because the majority opinion was not entirely clear to me as to the specific reasons summary judgment was not appropriate with respect to the defendant, Mobile Infirmary.
As to this defendant, I agree that summary judgment should not have been granted because defendant hospital did not factually negate the theories under which it could be subject to liability for this claim sounding in negligence.