This is an appeal from summary judgment in favor of defendant National Security of Alabama, Inc. ("National Security"). Plaintiffs filed an action[1] against various third parties for an accident at the plant of Montgomery Food Processors ("MFP") on December 6, 1981. Owens tripped over a forklift while walking to his place of work through a dark room. Owens was an employee of an independent contractor ("GNC") performing maintenance work on the MFP premises.
Plaintiffs contend that National Security negligently caused or allowed the lights to be turned off without warning Owens that the lights would be out. National Security moved for summary judgment on three grounds. First, that the one-year statute of limitations barred the action, under ColumbiaEngineering International, Ltd. v. Espey, 429 So.2d 955 (Ala. 1983). Second, that Owens was contributorily negligent. Third, that Owens assumed the risk which led to his injuries. After a hearing, the trial court granted summary judgment on all three grounds. Thereafter, the trial court properly declined to entertain additional evidence from plaintiffs and denied a motion to reconsider. This appeal followed.[2]
The Owenses' brief succinctly states the facts in this case. Mack Owens drove to the plant and arrived on the premises at approximately 7:00 a.m. He drove into the plant through a gate with a guard station. He presented his pass card to a National Security officer at the guardhouse, and he was allowed to proceed into the plant.
Owens parked his vehicle near a dock at the back of the plant, where he had been instructed to park. He noticed the vehicles of his supervisor and co-workers in their normal places. He met Eddie Mooney, a GNC co-worker. Mr. Mooney asked Owens if he could help in carrying some tools into the plant. Owens agreed to help and picked up his portion of the tools to carry into the plant. He entered the plant with Mr. Mooney.
The portion of the plant entered by Mooney and Owens was illuminated by natural light. The men proceeded through a *Page 1389 
darkened maintenance room, described by Owens as being about 70 yards long. At first, Owens could see by natural light. The room gradually became darker. When the room became too dark for them to see their way, Owens used a cigarette lighter to light the way. After walking some distance with the lighter, it failed. At this point, Owens had two choices — to go back through a darkened room and be late to work or to continue on the short distance to a door which he knew to have a light switch and also emergency lights behind it. Owens, followed by Mooney, continued to walk cautiously across the darkened room, shuffling his feet rather than stepping. Owens tripped over the blade of a parked forklift and incurred the injuries for which this action was brought.
On motion for summary judgment, there is a heavy burden upon the moving party:
 "A party moving for summary judgment has the burden of clearly showing . . . that there is an absence of a genuine issue as to any material fact. The moving party must be entitled to . . . judgment as a matter of law. Furthermore, all reasonable inferences from the facts are to be viewed most favorably to the non-movant."
Butler v. Michigan Mutual Insurance Co., 402 So.2d 949, 951
(Ala. 1981) (citations omitted). See Day v. Merchants NationalBank of Mobile, 431 So.2d 1254, 1256 (Ala. 1983); Rule 56 A.R.Civ.P.
By the same token, a summary judgment motion, properly supported as provided for under Rule 56 (e), A.R.Civ.P., must be granted "unless the adverse party makes an evidentiary or factual showing in opposition to show that there is a genuine issue of fact for trial." Butler, 402 So.2d at 951. The non-movant need only establish a scintilla of supporting evidence to avoid summary judgment. White v. White,431 So.2d 1208, 1209 (Ala. 1983).
Before reaching the issue of whether Owens assumed the risk or was contributorily negligent, we must first find some evidence that National Security breached its duty of care by failing to warn Owens that the lights were out. There is no duty to warn when the danger is fully known to the party who was injured. Crawford Johnson Co. v. Duffner, 279 Ala. 678,681, 189 So.2d 474, 476 (1966). Similarly, there is no duty to warn of open and obvious defects which the injured party should be aware of in the exercise of reasonable care. Shaw v. City ofLipscomb, 380 So.2d 812, 814 (Ala. 1980); Tice v. Tice,361 So.2d 1051, 1052 (Ala. 1978); Hand v. Butts, 289 Ala. 653, 656,270 So.2d 789, 791 (1972). The law does not require the doing of a useless act.
The evidence is undisputed that Owens knew that he was entering a room which was not lighted. Although the entrance area was somewhat illuminated by natural light, the interior of the cavernous building was obviously dark. Owens admitted using a lighter and shuffling his feet, undisputed facts which prove his knowledge of the dark conditions. Even without a warning, a reasonable person in the position of Owens would know the room was dark. Darkness is a plain condition which is open and obvious. Reasonable persons do not walk the length of a large, windowless, and unlighted building and not realize that the way is dark.
Owens contends that the darkness, coupled with the position of the forklift, led to a duty to warn. It is important to note that Owens does not argue that National Security was responsible for positioning or moving the forklift. Owens misunderstands the concept of open and obvious dangers. When someone proceeds through an unfamiliar[3] facility in the dark, he has no right to assume that his course is clear. See Yoderv. Greenwald, 246 So.2d 148, 150 (Fla.Dist.Ct.App. 1971). This rule is certainly as appropriate as the rule that water is an open and obvious danger, and hence no duty to warn exists even where the water conceals dangers beneath the *Page 1390 
surface. See generally Alabama Great Southern Railroad Co. v.Green, 276 Ala. 120, 159 So.2d 823 (1964). Under these circumstances, we hold as a matter of law that National Security had no duty to warn Owens that the room was dark.
The dissent cites two cases to support the position that the appreciation of danger from an open and obvious defect is a jury issue. In Furgerson v. Dresser Industries, Inc.,438 So.2d 732 (Ala. 1983), plaintiff struck her head on an extension of a gasoline pump. The gasoline pump was one of three pumps. The extensions from the other two pumps were protected by concrete-filled pipes. The third pump was unprotected. This Court found that the evidence was disputed on the issue of whether a reasonable person in Mrs. Furgerson's position would know and appreciate the danger of the unprotected extension. We reversed the defendant's summary judgment. The present case is materially different from Furgerson, in which the evidence and inferences were mixed. Owens undisputedly knew he was entering a dark building. Moreover, the evidence in this case is such that the trial court is required to find as a matter of law that a reasonable man would be aware of the danger. The condition of total darkness is sufficient to put reasonable people on notice of a substantial risk of concealed hazards. Because of these differences, Furgerson does not control this case.
In Kingsberry Homes Corp. v. Ralston, 285 Ala. 600,235 So.2d 371 (1970), a railroad employee sued for injuries incurred when trapped between a train and the loading dock during coupling operations. Although Ralston knew it was dangerous to be between the cars and the platform, the evidence also showed that Ralston's "fellow employees were supposed to await a signal from him before proceeding with the coupling and that he had given no signal." 285 Ala. at 606, 235 So.2d at 376. The Court found that the failure to comply with the warning system constituted at least a scintilla of evidence that Ralston did not anticipate the cars would move. Evidence of the failure to comply with the warning system materially distinguishesKingsberry from the present case. Owens had every reason to anticipate hazards in the dark, while in Kingsberry Ralston could arguably have relied on the warning system.
The dissent's final concern is about requiring Owens to proceed through an unilluminated passage. National Security did not require Owens to proceed through the building in issue. Owens alleges only that National Security had the duty to warn him of the darkness. Whether it was unreasonable to allegedly require Owens to proceed through the darkened building is a dispute between Owens and his employer.
Because we find that National Security did not owe a duty to warn Owens that the room was dark, we pretermit any discussion of assumption of the risk, contributory negligence, or the statute of limitations.
AFFIRMED.
MADDOX, FAULKNER, ALMON and SHORES, JJ., concur.
JONES, EMBRY, BEATTY and ADAMS, JJ., dissent.
[1] Mack Owens sued in negligence and his wife filed a claim for loss of consortium.
[2] National Security moved to dismiss the appeal on the ground that the case below was still pending as to other defendants. The record indicates, however, that at the time of appeal, the case was final as to all served defendants. After filing their notice of appeal, the Owenses were able to serve two more defendants; their previous attempts at service on these defendants had failed, either because the defendant's name was stated incorrectly or because the summons and complaint were returned unclaimed.
Under A.R.Civ.P., Rule 4 (f), plaintiffs' appeal from the summary judgment was not premature. "When there are multiple defendants and the summons or other document to be served and complaint has been served on one or more, but not all, of the defendants, the plaintiff may proceed to trial and judgment as to the defendant or defendants on whom process has been served and if the judgment as to defendants who have been served is final in all other respects, it shall be a final judgment." Rule 4 (f), as amended March 1, 1982.
Under Rule 4 (f), service on the other defendants must be completed, not merely attempted, before it can be said the pending action involves other active defendants. Accordingly, we denied the motion to dismiss by order on January 17, 1984.
[3] Unfamiliarity can arise when the injured party is in the facility for the first time or when he has knowledge that the equipment and internal layout is frequently rearranged.