The plaintiff, Rebecca Newton, filed this suit in the Circuit Court of Madison County, alleging that negligence on the part of the defendant, Creative Dining Food Systems, Inc., proximately caused the injuries she sustained during a fall in a restaurant parking lot. The fall occurred at a Darryl's Restaurant located in Huntsville; that restaurant is owned and operated by the defendant. Although the plaintiff was an employee of the restaurant, she was not on duty on the evening of her fall. The plaintiff had come into the restaurant to meet some friends, and while she was waiting she had dinner and several alcoholic drinks. Around 10:00 p.m., the plaintiff and a friend exited the restaurant into the restaurant parking lot. While walking toward the friend's car, the plaintiff, who was wearing high heel shoes, walked across a three-to four-foot median which was landscaped with shrubbery. It was in this landscaped area that she slipped and fell and injured her right elbow and arm.
On motion for summary judgment, the defendant alleged that there was no genuine issue of material fact. The trial court granted the motion, and the plaintiff appeals. The question presented is whether the defendant was entitled to a judgment as a matter of law. Under Rule 56 (c), A.R.Civ.P., summary judgment is appropriate only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." If there is a scintilla of evidence to support the position of the non-moving party, then summary judgment is improper. Hale v. City of Tuscaloosa,449 So.2d 1243, 1245 (Ala. 1985). The plaintiff asserts that there was at least a scintilla of evidence that the defendant breached its duty of care to her as an "invitee."
A landowner has a duty to its invitees to maintain his premises in a reasonably safe condition, or if the premises are unsafe, to warn the invitee of all hidden dangers or defects which are known by him, but which are unknown by the invitee. See, Bush v. Alabama Power Co., 457 So.2d 350, 354 (Ala. 1984);Quillen v. Quillen, 388 So.2d 985, 989 (Ala. 1980). An invitor is therefore not liable for injuries to an invitee resulting from a danger which was known to the invitee or which the invitee should have observed through the exercise of reasonable care. Quillen, supra. See also, Bennett v. Cole, 426 So.2d 829,830 (Ala.Civ.App. 1981), affirmed, Ex parte Bennett,426 So.2d 832 (Ala. 1982).
This case is remarkably similar to the case of Duffy v. BelAir Corp., 481 So.2d 872 (Ala. 1985). In Duffy, the plaintiff slipped on a piece of decorative gravel in the defendant's parking lot and broke her ankle. The defendant moved for summary judgment on the ground that there was no genuine issue of material fact concerning the plaintiff's contributory negligence. The trial court granted the motion and this Court affirmed on the basis that the plaintiff's deposition established that she knew of the existence of the hazard prior to the accident. 481 So.2d at 874.
In this case, the plaintiff alleged that she had slipped on some cedar chips in the landscaped area. In her deposition, she stated that she fell while walking across the landscaped area. With respect to her knowledge of the cedar chips in the landscaped area, she gave the following testimony:
 "Q. Is it true, Ms. Newton, that these cedar chips have always been in this decorative area where the shrubbery is and where you fell?
"A. Yeah.
 "Q. And you knew the chips were there before you went through there, didn't you?
 "A. Well, they usually are cleared off that little pathway.
"Q. Who clears it off? *Page 1013 
 "A. I guess the guy that cleans up the parking lot. He does it early in the morning.
 "Q. If there's chips, they're supposed to be in that area, aren't they? You don't keep them out on the parking lot area, do you?
"A. They've gotten out on the parking lot.
 "Q. I understand that. But I mean, they're intended to be in the area where the shrubbery is that's marked on that exhibit; correct?
"A. Right.
 "Q. And if they get out on the paved portion or the parking lot, they're put back in the shrubbery area, aren't they?
"A. They're supposed to be.
". . . .
 Q. Well, when you went through there on the night you fell, was it dark in that area?
"A. It wasn't pitch dark.
"Q. Did you look down and see where you were going?
 "A. Yeah. I knew where I was going. I had been through it a million times before. [Emphasis added]"
As in Duffy, supra, it is clear from the plaintiff's testimony that she knew of the existence of the hazard prior to the time of the accident. Since there was no evidence to the contrary before the trial court, the defendant was entitled to a judgment as a matter of law. Thus, the summary judgment was appropriate. Rule 56 (c), A.R.Civ.P.
AFFIRMED.
MADDOX, ALMON, BEATTY and HOUSTON, JJ., concur.