MADDOX, Justice.
This is an appeal from a summary judgment in favor of one defendant, Dr. Roy Gandy. That summary judgment was *1378 made final pursuant to Rule 54(b), Ala.R. Civ.P.
The case arose when the plaintiff's decedent, Charlie Andrews, died of brain damage due to oxygen deprivation during surgery. The plaintiff alleges that his condition was caused by the improper insertion of an endotracheal airway into the decedent’s esophagus.
The trial court granted Dr. Gandy’s second motion for summary judgment. Dr. Gandy based that motion on an alleged inadequacy of the testimony of the plaintiff's medical expert, saying:
“The deposition testimony of the witnesses in this case, particularly witness Doug Hawke, defendant, is to the effect that the endotracheal tube was not in the esophagus of this patient, but said tube was in the trachea of the patient where it was suppose[d] to be. Consequently, any opinion by plaintiff’s experts that the tube remained in the patient’s esophagus is without support in fact and consequently insufficient to defeat a properly presented motion for summary judgment.”
Applying principles of law governing summary judgment, we must reverse. Summary judgment is rarely proper in negligence cases. Allen v. Mobile Infirmary, 413 So.2d 1051 (Ala.1982); Parker v. King, 402 So.2d 877 (Ala.1982). Contrary to Dr. Gandy’s argument, the plaintiff has indeed produced a scintilla of evidence. Dr. Gandy’s motion goes to the weight of the opposing evidence and the persuasiveness of the testimony of the various witnesses.
Our review today is limited to the issue raised — the propriety of summary judgment. Summary judgment is not proper if there is a genuine issue of material fact. Rule 56(c), Ala.R.Civ.P.
In his brief, Dr. Gandy attempts to raise several issues not raised in his summary judgment motion in the trial court; we decline to. address them, because those issues are not properly before us.
The judgment of the trial court is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.