Plaintiffs, Louise Berness and her husband Francis Berness, appeal from a summary judgment in favor of defendants in a suit charging the defendants with negligence, *Page 1347 
wantonness, and breach of contract in the maintenance of a shopping mall parking lot.
On March 15, 1985, at about 7:45 in the evening, Louise Berness was leaving her place of business, Big B Fashions, which is located in the Regency Square Mall in Florence. As she walked out of the entrance to the mall and toward her car, she fell on some loose concrete on the sidewalk. The sidewalk had been broken and cracked since 1979. The outside lights had not been turned on when Berness fell. As a result of the fall, Louise Berness and her husband brought this action against Regency Square Associates, Ltd., a limited partnership; Ralph Biernbaum (general partner of Regency Square Associates); George A. Box, Jr. (manager and marketing director of Regency Square Mall); F.R. Hoar Son, Inc. (general contractor); and B.H. Craig Construction Company (subcontractor). The complaint contained causes of action based on negligence, wantonness, and breach of contract. All defendants filed motions for summary judgment, alleging that Louise Berness was contributorily negligent. The trial court granted summary judgment for all defendants. Louise and Francis Berness appeal.
 I
The first issue raised on appeal is whether evidence exists to support the plaintiffs' allegations of negligence. The plaintiffs contend that genuine issues of material fact exist in this case. On the other hand, the defendants argue that the trial court did not err when it found that Louise Berness was guilty of contributory negligence, as a matter of law, and that the trial court's entry of summary judgment in their favor was proper.
Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.; Owens v. National Security of Alabama,Inc., 454 So.2d 1387 (Ala. 1984). If evidence exists to support the position of the non-moving party, then summary judgment is improper. Newton v. Creative Dining FoodSystems, Inc., 492 So.2d 1011 (Ala. 1986). When the material facts are not disputed, a question of law exists that is to be determined by the trial court. Duffy v. BelAir Corp., 481 So.2d 872 (Ala. 1985).
This Court has many times set forth the elements of contributory negligence. In Alabama Power Co. v.Mosley, 294 Ala. 394, 318 So.2d 260 (1975), this Court stated:
 "[T]he three elements essential to contributory negligence are that the party charged with contributory negligence (1) had knowledge of the condition or failure[,] (2) appreciated the danger and (3) failed to exercise reasonable care in the premises, but with such knowledge and appreciation, put himself into the way of danger. Baptist Medical Center v. Byars, 289 Ala. 713, 271 So.2d 847 [(1972)]; Kingsberry Homes Corp. v. Ralston, 285 Ala. 600, 235 So.2d 371 [(1970)]; F.W. Woolworth Company v. Bradbury, 273 Ala. 392, 140 So.2d 824
[(1962)]; Foster Creighton Co. v. St. Paul Mercury Indemnity Co., 264 Ala. 581, 88 So.2d 825 [(1956)]; Mackintosh Co. v. Wells, 218 Ala. 260, 118 So. 276 [(1928)]."
294 Ala. at 398, 318 So.2d at 263.
The record in this case reveals that Louise Berness had knowledge of the sidewalk's condition prior to the accident. She stated in deposition that this condition had been in existence since 1979, six years before the accident. She also stated that she had observed the condition of the sidewalk every day as she went to and from work and that she considered the situation to be dangerous. She also stated that she had previously walked through the same area at night when the lights were off and it was dark.
Defendants are correct in stating that this Court in several recent cases has held that, under certain circumstances, a plaintiff can be guilty of contributory negligence as a matter of law. In Duffy v. Bel AirCorp., 481 So.2d 872 (Ala. 1985), the plaintiff broke her ankle when she slipped on a piece of decorative gravel in a parking lot owned by the defendant corporation. *Page 1348 
The plaintiff charged the defendant with negligence in the maintenance and operation of the parking lot. There was evidence that the plaintiff had passed there many times and knew that the gravel was there. The trial court entered summary judgment in favor of the defendant, and this Court affirmed, noting:
 "Where a plaintiff is aware of a defect, contributory negligence in not remembering and avoiding the danger will be presumed in the absence of a satisfactory excuse for forgetting. City of Birmingham v. Edwards, 201 Ala. 251, 255, 77 So. 841, 845 (1918). An invitor is not liable for injuries to an invitee resulting from a danger which was known to the invitee or which should have been observed by the invitee in the exercise of reasonable care. Quillen v. Quillen, 388 So.2d 985, 989 (Ala. 1980)."
481 So.2d at 874.
In Newton v. Creative Dining Food Systems, Inc.,492 So.2d 1011 (Ala. 1986), this Court affirmed a summary judgment on the ground that the plaintiff knew of the existence of the hazard prior to the accident and was guilty of contributory negligence, as a matter of law. The plaintiff in Newton alleged that she had slipped on some cedar chips in a landscaped area in the parking lot of defendant's restaurant.
In this case, however, Louise Berness has alleged that the defendants were negligent in not having the outside light turned on at the time of the accident. Defendants contend that Owens v. National Security of Alabama, Inc.,454 So.2d 1387 (Ala. 1984), is controlling, and thus that summary judgment was appropriate as to this claim. InOwens, the plaintiff brought an action seeking damages for injuries sustained when he tripped over a forklift while walking to his place of work through darkness. The trial court granted summary judgment in favor of the defendants on the grounds of the statute of limitations, contributory negligence, and assumption of the risk. In affirming the trial court's ruling, this Court stated:
 "Before reaching the issue of whether Owens assumed the risk or was contributorily negligent, we must first find some evidence that National Security breached its duty of care by failing to warn Owens that the lights were out. There is no duty to warn when the danger is fully known to the party who was injured. Crawford Johnson Co. v. Duffner, 279 Ala. 678, 681, 189 So.2d 474, 476 (1966). Similarly, there is no duty to warn of open and obvious defects which the injured party should be aware of in the exercise of reasonable care. Shaw v. City of Lipscomb, 380 So.2d 812, 814 (Ala. 1980); Tice v. Tice, 361 So.2d 1051, 1052 (Ala. 1978); Hand v. Butts, 289 Ala. 653, 656, 270 So.2d 789, 791 (1972). The law does not require the doing of a useless act."
454 So.2d at 1389.
At first blush, these cases seem to sustain the judgment of the trial court; but we are of the opinion that the facts of this case are sufficiently dissimilar to preclude the entry of summary judgment on the tort claim as to Regency Square Associates, Ltd., the lessor, and its agents. Owens, for example, involved the legal, rather than factual, issue of the defendant's threshold duty to warn of the unlighted condition of the premises. Here, as we will point out, there was some evidence of a duty on the lessor to light the premises. Therefore, under the facts of this case, we cannot say, as a matter of law, that Louise Berness was guilty of contributory negligence. The trial court did not err, however, in granting summary judgment to those defendants other than Regency Square Associates, Ltd., because there was no evidence showing they owed a duty to the plaintiff.
This Court, following the federal cases, applying the "substantial evidence" rule rather than the "scintilla of evidence rule," stated in Parker v. King,402 So.2d 877 (Ala. 1981):
 "It has often been stated that summary judgments are not proper in negligence cases. Moore's Federal Practice, Vol. 6, § 56.17[42], p. 56-946. In Folmar v. Montgomery Fair Company, Inc., 293 Ala. 686, 690, 691, 309 So.2d 818 (1975), this Court stated: *Page 1349 
 " 'A plethora of federal cases say that the party moving for summary judgment must clearly establish that the other party could not recover under "any discernible circumstances." Rotermund v. United States Steel Corp., 474 F.2d 1139 (8th Cir. 1973); Nyhus v. Travel Management Corp., 151 U.S.App.D.C. 269, 466 F.2d 440 (1972); Phoenix Savings and Loan, Inc. v. Aetna Casualty and Surety Co., 381 F.2d 245 (4th Cir., 1967). The moving papers of the defendant simply do not do that. There is certainly a possibility of a jury verdict for the plaintiff as the record stands now.
 " '[T]he record must negate the probability that evidence calling for a contrary result might be developed at the trial. If the pleadings, affidavits, and depositions available when the motion for summary judgment must be ruled on fail to resolve any relevant issue, summary judgment is premature.'
 "The defendant has not precluded the possibility, as a matter of law, that the plaintiff might not [sic] prove her case. The fact that she is perhaps unlikely to prevail at trial is not a standard to be applied. Jobson v. Henne, 355 F.2d 129 (2d Cir., 1966); National Screen Service Corp. v. Poster Exchange, Inc., 305 F.2d 647 (5th Cir., 1962). The judge need not believe the opposing party's evidence in order to deny summary judgment. Nor must he feel that a jury would necessarily believe it. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944). The moving party is trying to show that there is no way whatsoever the other party could recover. Thus summary judgment can only be proper 'where it is clear what the truth is.' Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). This is obviously another way of saying that there must not be a genuine issue as to any material fact. It is fairly obvious in this case that it is not yet clear 'what the truth is.' Did Mrs. Folmar trip over protruding legs of display tables or did she not?
 "The federal courts have followed a general rule which frowns upon the granting of summary judgments in negligence cases. This is due to the supposed superior competence of a jury in applying a standard of reasonableness to a certain set of facts. Experience has borne out the fact that negligence actions almost always present some unresolved questions of fact.
 " 'Because of the peculiarly elusive nature of the term "negligence" and the necessity that the trier of facts pass upon the reasonableness of the conduct in all the circumstances in determining whether it constitutes negligence, it is the rare personal injury case which can be disposed of by summary judgment, even where the historical facts are concededly undisputed.' Gauck v. Meleski, 346 F.2d 433, 437 (5th Cir. 1965)."
402 So.2d at 879.
 II
The second issue is whether there is evidence to support the Bernesses' allegations of wantonness. The Bernesses contend that the defendants knowingly and intentionally allowed an unsafe condition to remain uncorrected. They rely on the affidavit of their daughter, Becky Berness, to establish the wantonness. The defendants contend that the evidence was not sufficient to present a scintilla of evidence of wantonness.
This Court has previously written, regarding wantonness:
 " 'Wantonness has been defined as the conscious doing of some act or the omission of some duty [while] under knowledge of existing conditions and while conscious that, from the doing of such act or the omission of such duty, injury will likely or probably result, and before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the result. Griffin Lumber Co. v. Harper, 247 Ala. 616, 25 So.2d 505
[(1946)]; Taylor v. Thompson, *Page 1350 271 Ala. 18, 122 So.2d 277 [(1960)]; Johnson v. Sexton [277 Ala. 627, 173 So.2d 790], supra.' "
Roberts v. Brown, 384 So.2d 1047, 1048 (Ala. 1980), quoting Lewis v. Zell, 279 Ala. 33, 36,181 So.2d 101 (1965). In order to constitute wantonness, a failure to act must be accompanied by knowledge that someone is probably imperiled, and thus failure to act must be in reckless disregard of the consequences. Whaley v. Lawing,352 So.2d 1090 (Ala. 1977). "That which constitutes wanton misconduct depends upon the facts presented in each particular case." American Pamcor, Inc. v. Evans,288 Ala. 416, 261 So.2d 739 (1972).
In her affidavit, Becky Berness testified that George Box knew that another elderly lady had fallen in the same area where the pavement was broken, long before Louise Berness fell.
We are of the opinion that this evidence was not sufficient to foreclose entry of a summary judgment on the wantonness count. In fact, the affidavit does not show what caused the fall of the elderly lady, only that it happened in the same area. We believe that under the facts of this case, there is not a scintilla of evidence of wanton misconduct on the part of any of the defendants; therefore, summary judgment was appropriate as to each defendant on the wantonness claim.
 III
The final issue presented on appeal is whether evidence exists to support the claim based on an alleged breach of contract. The Bernesses contend that Regency Square Associates, Ltd., violated section 25 of its lease with Louise Berness, which required it to maintain common areas such as sidewalks. The plaintiffs assert that the landlord is liable for such damages as are the natural and proximate result of the breach. The Bernesses contend that Section 42(c), which contains what the plaintiffs describe as an exculpatory clause, is unenforceable. Regency Square, of course, contends that no breach occurred.
Section 25 of the lease provides, in part:
 "Lessor shall construct, maintain and operate parking and other common areas and facilities as shown on Exhibit A, and described in Exhibit C. All common areas and facilities in or about the shopping center provided by lessor shall be subject to the exclusive control and management of lessor."
Section 42(c) of the lease provides:
 "(c) Lessor and Lessor's agents and employees shall not be liable for, and Lessee waives all claims for, loss or damage to Lessee's business or damage to person or property sustained by Lessee or any person claiming through Lessee resulting from any accident or occurrence (unless caused by or resulting from the negligence of Lessor, its agents, servants or employees), in or upon the Demised Premises or the building of which they shall be a part, or any other part of the Shopping Center, including but not limited to claims for damage resulting from: (i) any equipment or appurtenances becoming out of repair; (ii) injury done or occasioned by wind; (iii) any defect in or failure of plumbing, heating or air conditioning equipment, electric wiring or installation thereof, gas, water and steam pipes, stairs, porches, railings or walks; (iv) broken glass; (v) the backing up of any sewer pipe or downspout; (vi) the bursting, leaking or running of any tank, tub, washstand, water closet, waste pipe, drain or any other pipe or tank in, upon or about such building or the Demised Premises; (vii) the escape of steam or hot water; (viii) water, upon or coming through the roof, skylight, trap door, stairs, doorways, show windows, walks or any other place upon or near such building or the Demised Premises or otherwise; (ix) the falling of any fixture, plaster, tile or stucco; and (x) any act, omission or negligence of other lessees, licensees or of any other persons or occupants of said buildings or of adjoining or contiguous buildings or of owners of adjacent or contiguous property. . . ." (Emphasis added.)
An exculpatory clause "operates to release the lessor for future negligent conduct, *Page 1351 
so that he or she can negligently cause the lessee injury, yet avoid the otherwise fixed legal responsibility to compensate the lessee." Lloyd v. Service Corp. ofAlabama, Inc., 453 So.2d 735, 736 (Ala. 1984). This Court held in Lloyd that when a lessee can show that an exculpatory provision in a residential lease is unconscionable, the exculpatory provision is unenforceable.
Section 42(c) of the lease is not an exculpatory provision. Section 42(c) does not attempt to release the lessor from liability for future negligent acts. It, in fact, states that the lessor will be liable for its own negligence or the negligence of its agents, servants, or employees.
Because we find that there was evidence that the lessor was under a duty to "construct, maintain and operate parking and other common areas" and in view of the fact that there was some evidence that the failure of the lessor to perform this obligation could have resulted in the injury complained of, we hold that the trial court erred in granting summary judgment in favor of the lessor, Regency Square, on the contract claim. Vick v. H.S.I. Management, Inc.,507 So.2d 433 (Ala. 1987). The court did not err, however, in granting summary judgment on the contract claim as to the other defendants, including Regency Square's agents because there was no evidence to show that either defendant was liable to the plaintiff under any theory based on contract.
Based on the foregoing, the judgment of the trial court is due to be affirmed in part and reversed in part, and the cause remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
JONES, SHORES, BEATTY and HOUSTON, JJ., concur.