Plaintiff, Domociel Sutton, appeals from a summary judgment for the defendants, Mitchell Company, Louise Taylor, Paula Hall, and Agnes Ellis, on a complaint alleging negligent maintenance and construction of a sidewalk; negligent repair of a sidewalk; and failure to render assistance to Sutton after having undertaken to do so. Sutton, an elderly resident of the apartment complex owned and operated by defendant Mitchell Company, was injured on September 10, 1986, when she tripped and fell over a broken and cracked portion of the sidewalk that led to the apartment complex laundromat, mailbox, and pool area. After her fall, Sutton requested and received, from Louise Taylor in the complex manager's office, assistance getting to a doctor's office. Upon examination, the doctor determined that Sutton's condition would require the services of an orthopedic doctor. Sutton telephoned Taylor and asked for a ride home; Taylor gave her the ride home and Sutton asked if Taylor could also transport her to a "bone doctor." Taylor told Sutton that she was very busy and inquired if there was anyone else who could drive her to the doctor. Sutton said that she could get a friend to drive her; *Page 290 
Taylor dropped Sutton off at the complex and saw her into her apartment.
On December 17, 1986, Sutton filed this suit. Although employees of the corporation, Hall and Ellis, were named as defendants in this action, no specific allegations were made against them and, therefore, none will be addressed here.
Sutton argues that the trial court granted the summary judgment on the basis of contributory negligence, and that it was error to do so, because 1) she knew the defect existed but was not aware of, and therefore did not appreciate, its dangerousness, and 2) the defendants' failure to transport her to an orthopedic doctor amounted to wantonness, and contributory negligence is not a defense to a charge of wantonness.
In a very similar case, this Court discussed when it would be appropriate for the trial court to grant summary judgment and discussed the elements of contributory negligence.
 "Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.; Owens v. National Security of Alabama, Inc., 454 So.2d 1387 (Ala. 1984). If evidence exists to support the position of the non-moving party, then summary judgment is improper. Newton v. Creative Dining Food Systems, Inc., 492 So.2d 1011 (Ala. 1986). When the material facts are not disputed, a question of law exists that is to be determined by the trial court. Duffy v. Bel Air Corp., 481 So.2d 872 (Ala. 1985).
 "This Court has many times set forth the elements of contributory negligence. In Alabama Power Co. v. Mosley, 294 Ala. 394, 318 So.2d 260 (1975), this Court stated:
 " '[T]he three elements essential to contributory negligence are that the party charged with contributory negligence (1) had knowledge of the condition or failure[,] (2) appreciated the danger and (3) failed to exercise reasonable care in the premises, but with such knowledge and appreciation, put himself into the way of danger. Baptist Medical Center v. Byars, 289 Ala. 713, 271 So.2d 847 [(1972)]; Kingsberry Homes Corp. v. Ralston, 285 Ala. 600, 235 So.2d 371
[(1970)]; F.W. Woolworth Company v. Bradbury, 273 Ala. 392, 140 So.2d 824
[(1962)]; Foster Creighton Co. v. St. Paul Mercury Indemnity Co., 264 Ala. 581, 88 So.2d 825 [(1956)]; Mackintosh Co. v. Wells, 218 Ala. 260, 118 So. 276
[(1928)].'
"294 Ala. at 398, 318 So.2d at 263."
Berness v. Regency Square Associates,514 So.2d 1346, 1347 (Ala. 1987).
Here, Sutton charged that Mitchell Company was negligent in its maintenance of the sidewalk in question. This Court has recently recited the law in this case, noting that a plaintiff may be contributorily negligent as a matter of law. In Berness v. Regency Square Associates, supra, this Court stated:
 "Where a plaintiff is aware of a defect, contributory negligence in not remembering and avoiding the danger will be presumed in the absence of a satisfactory excuse for forgetting. City of Birmingham v. Edwards, 201 Ala. 251, 255, 77 So. 841, 845 (1918). An invitor is not liable for injuries to an invitee resulting from a danger which was known to the invitee or which should have been observed by the invitee in the exercise of reasonable care. Quillen v. Quillen, 388 So.2d 985, 989 (Ala. 1980)."
Berness v. Regency Square Associates, supra, citingDuffy v. Bel Air Corp., 481 So.2d 872 (Ala. 1985).
The Court stated in Berness that in cases requiring the determination of a legal, rather than a factual, issue of the defendant's duty to warn, that question may be answered by the trial judge. Berness, at 1348. Here, under the facts of this case, which are not in dispute, we can say, as a matter of law, that Sutton was contributorily negligent. The trial court, therefore, did not err in granting summary judgment on Sutton's negligence count. *Page 291 
As to Sutton's second contention, we find that it, too, must fail. It is uncontroverted that Taylor, as a Mitchell Company employee, was asked to, and did, accept responsibility to transport Sutton to and from Sutton's personal physician's office. She was asked to, but did not, accept responsibility to transport Sutton to the specialist's office. While it is true that in Alabama "one who volunteers to act, though under no duty to do so, is thereafter charged with the duty of acting with due care and is liable for negligence in connection therewith," Parker v. ThyssenMining Construction, Inc., 428 So.2d 615, 616 (Ala. 1983), the evidence is uncontroverted that Taylor did not voluntarily accept a further duty to transport Sutton to the orthopedic surgeon. "There must be a duty owing from the defendant to the plaintiff to successfully prove the negligence or wantonness of another. If there is no duty, there is no cause of action." Alabama Power Co. v.Laney, 428 So.2d 21, 22 (Ala. 1983) (citation omitted).
Here, where the facts were not in dispute, a question of law was presented, to be decided by the trial court.Duffy v. Bel Air Corp., supra, at 873. We find, therefore, that there was no genuine issue of material fact as to Sutton's claims and that the defendants were entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P. The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
JONES, SHORES and ADAMS, JJ., concur.
TORBERT, C.J., concurs in the result.