669 So.2d 998 (1995)
William BOUDOUSQUIE
v.
MARRIOTT MANAGEMENT SERVICES CORPORATION.
2940868.
Court of Civil Appeals of Alabama.
November 17, 1995.
*999 Charles H. Volz III of Volz, Prestwood, Hanan & Sizemore, L.L.C., Montgomery, for appellant.
Cooper C. Thurber and Michael C. Niemeyer of Lyons, Pipes & Cook, P.C., Mobile, for appellee.
YATES, Judge.
William Boudousquie appeals from a summary judgment entered in favor of Marriott Management Services Corporation. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
Marriott operates several businesses in Whitley Hall, a building owned by, and located on the campus of, Troy State University at Montgomery. On December 16, 1991, Boudousquie ate lunch at a coffee shop operated by Marriott in Whitley Hall and, after *1000 eating, went to the men's restroom. The restroom has two levels; an entrance/sink area is on the lower level; and a urinal area is on the upper level, which may be reached only by stepping up an eight-inch single step or riser. Boudousquie alleged that while exiting the urinal area, he fell on or at the step.
On December 1, 1993, Boudousquie sued Marriott, alleging that Marriott had acted negligently or wantonly regarding the step in the restroom. On March 24, 1995, the trial court granted Marriott's motion for summary judgment as to Boudousquie's negligence and wantonness claims; Boudousquie appeals.
In reviewing the disposition of a motion for summary judgment, we use the same standard as the trial court in determining whether the evidence before it presented a genuine issue of material fact and whether the movant was entitled to a judgment as a matter of law. Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988); Rule 56(c), Ala.R.Civ.P. When the movant makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is substantial if it is of "such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). This court must review the record in the light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990).
As Marriott states in its brief, Boudousquie was a business invitee of Marriott at the time the alleged accident occurred. Accordingly, Marriott, as the invitor and occupant of the premises, owed a duty to Boudousquie to use reasonable care and diligence to keep the premises in a safe condition or, if the premises were in a dangerous condition, to give sufficient warning so that an invitee might avoid danger by the use of ordinary care. Banks v. Bayou Bend II, Ltd., 552 So.2d 1070, 1071 (Ala.1989) (citing Edwards v. Hammond, 510 So.2d 234, 236 (Ala.1987)).
Marriott argues that the trial court properly entered the summary judgment on Boudousquie's claim of negligence because, it says, the condition of the restroom was open and obvious and, therefore, Marriott is not liable for injuries caused by that condition. This argument is not persuasive. If we suppose that Boudousquie did recognize the open and obvious condition of the single step upon entering the restroom, that does not necessarily mean that he recognized the dangerous potential of the step at that time or at the time he left the urinal area. Furgerson v. Dresser Industries, Inc., 438 So.2d 732, 734 (Ala.1983). Further, a factfinder could determine that Marriott had breached the duty owed the invitee. Questions of whether the condition or defect was open and obvious should ordinarily be determined by the factfinder. See Bogue v. R & M Grocery, 553 So.2d 545 (Ala.1989); Foodtown Stores, Inc. v. Patterson, 282 Ala. 477, 213 So.2d 211 (1968); Breeden v. Hardy Corp., 562 So.2d 159 (Ala.1990).
In response to Marriott's motion for summary judgment, Boudousquie presented evidence in the form of the deposition testimony of an expert. Boudousquie's expert testified that the kind of step found in the restroom is: (1) generally known to be hazardous; (2) outlawed by many building codes; (3) particularly hazardous to one descending it; (4) very easy not to notice; and (5) a dangerous condition. Boudousquie's expert also stated that a warning or handrail could prevent falls of this kind. Viewing the evidence in the light most favorable to the nonmovant, we cannot say that fair-minded persons would be unable to reasonably infer that Marriott violated its duty to an invitee by providing a restroom that contained this condition.
Boudousquie also presented evidence that Marriott's alleged breach of duty caused him to suffer injury. In deposition testimony, Boudousquie stated that the lack of a warning or a handrail or some other device caused him not to notice the step and to fall. Boudousquie's expert stated that his reconstruction of the accident indicated that Boudousquie's injuries were caused by the condition *1001 of the restroom. Viewing the evidence in the light most favorable to the nonmovant, we cannot say that fair-minded persons would be unable to reasonably infer that the alleged dangerous condition of the restroom caused Boudousquie's injuries.
As to Boudousquie's claim of wantonness, Marriott argues that Boudousquie failed to satisfy the burden placed on him by Ala.Code 1975, § 6-11-20. In Hines v. Riverside Chevrolet-Olds, Inc., 655 So.2d 909, 925 (Ala.1994), our supreme court stated that § 6-11-20 is irrelevant in regard to motions for summary judgment; "rather, it defines the standard of proof for determining whether the trier of fact has, or had, the authority to award punitive damages." (Emphasis added.)
Instruction 29.00, Alabama Pattern Jury Instructions: Civil, defines "wantonness" as "the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty an injury will likely or probably result."
In response to Marriott's motion for summary judgment on the wantonness count, Boudousquie presented evidence in the form of deposition testimony by the manager of Marriott's food services facilities in Whitley Hall. The manager testified that: (1) Marriott permitted its invitees to use the restroom; (2) he recognized that the single step posed a possible hazard and was a dangerous condition; and (3) no warning sign existed when the first fall occurred or when Boudousquie fell. More importantly, the manager's deposition testimony reveals that he had knowledge of another fall involving the step before Boudousquie's fall:
"Q. Would I be correct in saying then ... you recognized, following Dr. Johnson's fall, that this step did pose a hazard to your clientele?
"A. It was a possibility of it being a hazard, yes.

"Q. And this was before [Boudousquie's] fall?
"A. Correct.

"Q. So you will agree that before [Boudousquie's] fall, you recognized the danger presented by the single step in the men's restroom?
"A. Yes."
(Emphasis added.) Viewing the evidence, we cannot say that fair-minded persons would be unable to reasonably infer that Marriott's conduct rose to the level of wantonness.
Accordingly, we reverse the summary judgment entered by the court on Boudousquie's claims of negligence and wantonness, and remand the case for further proceedings.
REVERSED AND REMANDED.
ROBERTSON, P.J., and MONROE, J., concur.
THIGPEN and CRAWLEY, JJ., concur in part and dissent in part.
THIGPEN, Judge, concurring in part and dissenting in part.
I concur with the majority in finding that a genuine issue of a material fact exists in regard to the question of negligence; however, I must dissent regarding the wantonness claim. The record reveals: (1) that Marriott permitted its invitees to use this restroom; (2) that a manager had knowledge of a prior fall in the restroom; and (3) that the manager had discussed with a maintenance supervisor whether anything needed to be done to address any potential hazard created by the step. Even viewed in a light most favorable to Boudousquie, I cannot find substantial evidence presenting a genuine issue of material fact as to a claim of wantonness.
In Berness v. Regency Square Associates, Ltd., 514 So.2d 1346 (Ala.1987), the plaintiff-invitee was injured when she slipped on loose concrete on the sidewalk of a shopping mall. She alleged wantonness on the grounds that the owner and manager of a shopping mall had "knowingly and intentionally allowed an unsafe condition to remain uncorrected," and that the manager knew of a prior fall in the same area. Berness, 514 So.2d at 1349. Our Supreme Court affirmed a summary judgment for the mall owner and manager on the grounds of wantonness, stating:
"We are of the opinion that this evidence was not sufficient to foreclose entry of a *1002 summary judgment on the wantonness count. In fact, the evidence does not show what caused [the prior fall], only that it happened in the same area. We believe that under the facts of this case, there is not a scintilla of evidence of wanton misconduct on the part of any of the defendants; therefore, summary judgment was appropriate as to each defendant on the wantonness claim."
Berness, 514 So.2d at 1350. It should be noted that the Berness case was decided under the old "scintilla" rule, which is much less stringent than the present "substantial evidence" standard. It is my opinion that the rationale of Berness controls here, and that summary judgment was properly entered for the defendants on the claim of wantonness.
CRAWLEY, Judge, concurring in part and dissenting in part.
I join Judge Thigpen's separate opinion on all points, but I write separately to point out that the premises liability question is a jury issue because our supreme court has apparently adopted the position of § 343A of the Restatement (Second) of Torts (1965). That section states:
"A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge of obviousness."
(Emphasis added.) Although the Alabama Supreme Court has not specifically stated that it embraces the emphasized portion of the Restatement, it is apparent that the court adheres to that position. See, e.g., Campbell v. Valley Garden Apts., 600 So.2d 240 (Ala. 1992); Breeden v. Hardy Corp., 562 So.2d 159 (Ala.1990); Furgerson v. Dresser Industries, Inc., 438 So.2d 732 (Ala.1983). See also Grider v. Grider, 555 So.2d 104 (Ala.1989) (Hornsby, C.J., dissenting).