CRAWLEY, Judge,
dissenting.
I dissent because I believe the refusal of requested charge number 18 was not error, and the refusal of requested charge number 17 — though error — was harmless.
Requested charge 18 is taken verbatim from § 343A of the Restatement (Second) of Torts. I agree with the majority that the Alabama Supreme Court has apparently embraced the Restatement position, but it has not expressly adopted the language disputed in this case. See Boudousquie v. Marriott Management Services Corporation, 669 So.2d 998 (Ala.Civ.App.1995) (Crawley, J., concurring in part and dissenting in part).
Until our supreme court expressly adopts § 343A of the Restatement, however, I do not believe a trial court should be held in error for failing to anticipate the direction in which our state’s highest court is headed. While it appears that the supreme court adheres to the Restatement position, appearances can, of course, be deceiving. When the court is next squarely presented with the issue, it may reject or adopt a modified version of § 343A. The issue is simply not clear-cut enough to reverse a trial court for failing to predict the future course of the law.
Requested charge 17 deals with notice to Gold Kist. In a slip and fall case, the plaintiff must establish that the defendant had notice of the dangerous condition. Notice may be actual, constructive, or “imputed.” Here, the trial court erred by failing to instruct the jury on the principles of law regarding imputed notice, but that error was harmless because the undisputed testimony was that Gold Kist had actual notice of the dangerous condition. “No judgment may be reversed or set aside ... on the ground of misdirection of the jury, the giving or refusal of special charges, ... unless ... the error complained of has probably injuriously affected substantial rights of the parties.” Rule 45, Ala.R.App.P.