JOHNSTONE, Justice.
The petitioner-plaintiff Balinda Gale Kraatz sued the defendant Bill Benton d/b/a Benton Food Mart for injuries suffered in a trip-and-fall on his premises. Kraatz petitions us to review the decision of the Court of Civil Appeals affirming summary judgment entered by the trial court in favor of Benton. We reverse and remand.
*803 Kraatz and her daughter were passengers in an automobile which stopped for gasoline at a Benton Food Mart in Mobile County. While the driver filled the gas tank, Kraatz and her daughter went inside to use the restroom.' While Kraatz and her daughter were inside, the driver pulled her automobile to the side of the building to check the air pressure in one of the tires.
After Kraatz purchased a snack for her daughter, they walked outside and toward the automobile to get back in it. Kraatz observed water on the sidewalk and stepped off the sidewalk. She took two or three steps across the driving and parking surface, tripped, fell, and suffered injuries in the fall.
The driver returned to the Food Mart the next day, saw a black, “ragged” speed bump, and saw blood from Kraatz on the speed bump. The speed bump was not painted or marked in any way and was not visible at night from the path Kraatz was walking. The air compressor where the driver had been checking the tire was located near the place where Kraatz fell. In her deposition, Kraatz testified that the area where she stepped off the curb had no lights, except those at the bank next door, and some light from the front of the store. She stated that the area was dim. Bill Benton, the premises owner, acknowledged that the speed bump had not been painted or marked in any way.
Kraatz sued Benton for negligence and wantonness in causing the injuries she sustained in her fall. Benton filed a motion for summary judgment. Following the submission of evidence and arguments of counsel, the trial court granted the motion for summary judgment on the rationale that Kraatz “walked away from the store-gas pump area with knowledge of the presence of water and into an area where she could not see where she was walking and at that point she slipped and fell.” Kraatz appealed and the Court of Civil Appeals, on July 10, 1998, affirmed without opinion but with a citation to Owens v. National Sec. of Alabama, Inc., 454 So.2d 1387 (Ala.1984). Kraatz v. Benton Food Mart, 757 So.2d 491 (Ala.Civ.App.1998) (table).
Summary judgment is appropriate only when “there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.” Rule 56(c)(3), Ala. R. Civ. P., and Dobbs v. Shelby County Economic & Indus. Dev. Auth., 749 So.2d 425 (Ala.1999). The court must accept the tendencies of the evidence most favorable to the non-moving party and must resolve all reasonable doubts in favor of the nonmoving party. System Dynamics Int’l, Inc. v. Boykin, 683 So.2d 419 (Ala.1996). In reviewing a summary judgment, an appellate court, de novo, applies the same standard as the trial court. Dobbs, supra.
“Generally, a patron of a business, such as a shopping center, is an invitee.... An invitor’s duty to an invitee is to keep his premises in a reasonably safe condition, and, if the premises are unsafe, to warn of hidden defects and dangers that are known to it, but that are unknown or hidden to the invitee.” Raspilair v. Bruno’s Food Stores, Inc., 514 So.2d 1022, 1023-24 (Ala.1987).
“ ‘[T]he owner of the premises ... is not an insurer of the safety of his invitees,’ ” and no “ ‘presumption of negligence arisfes] out of the mere fact of injury to an invitee.’ ” Ex parte Mountain Top Indoor Flea Market, Inc., 699 So.2d 158, 161 (Ala.1997) (quoting Shaw v. City of Lipscomb, 380 So.2d 812, 814 (Ala.1980)). “The premises owner has no duty to warn the invitee of open and obvious defects in the premises, which the invitee is aware of or should be aware of through the exercise of reasonable care.” Woodward v. Health Care Auth. of the City of Huntsville, 727 So.2d 814, 816 (Ala.Civ.App.1998). “A condition is ‘obvious’ if the risk is apparent to, and of the type that would be recognized by, a reasonable person in the position of the invitee.” Woodward, 727 So.2d at 816. “A condition is *804 ‘known’ if the invitee is aware of the existence of the condition and appreciates the danger it involves.” Id. “Questions of openness and obviousness of a defect or danger and of an [invitee’s] knowledge are generally not to be resolved on a motion for summary judgment.” Harding v. Pierce Hardy Real Estate, 628 So.2d 461, 463, (Ala.1993). See also Woodward, supra. Additionally, “this Court has indicated that even though a defect is open and obvious, an injured invitee is not barred from recovery where the invitee, acting reasonably, did not appreciate the danger of the defect.” Young v. La Quinta Inns, Inc., 682 So.2d 402, 404 (Ala.1996).
Benton relies on two total-darkness warehouse cases which are importantly distinguishable from the case before us: Owens, 454 So.2d at 1890 (“The condition of total darkness is sufficient to put reasonable people on notice of a substantial risk of concealed hazards.” (Emphasis added.)); and Ex parte Industrial Distribution Services Warehouse, Inc., 709 So.2d 16, 19 (Ala.1997) (“Total darkness, possibly concealing an unseen and unknown hazard, presents an open and obvious danger to someone proceeding through unfamiliar surroundings, as a matter of law.” (Emphasis added.)). Each of the plaintiffs in Owens and Ex parte Industrial Distribution Services Warehouse, supra, assumed a risk by walking inside a dark commercial warehouse under abnormal conditions. In haste and through expediency, Owens walked through the dark warehouse from an entrance where no light switch was available instead of going around to an entrance where he knew a light switch was available; and consequently, he tipped over “the blade of a parked forklift.” Owens, 454 So.2d at 1389. Jackson, the plaintiff in Ex parte Industrial Distribution Services Warehouse, supra, commercially undertook an emergency project in a darkened, flooded, storm-ravaged warehouse, where he fell off a loading dock.
Several salient features distinguish the Kraatz case before us from Owens and Ex parte Industrial Distribution Warehouse, supra. First, Kraatz was walking in dim light, not total darkness. Partial or poor light, like that in the case before us, could mislead a reasonably prudent person into thinking that he or she would be able to see and to avoid any hazards. The variable factors which make openness-and-obviousness under partial or poor light conditions a fact question not appropriate for resolution by summary judgment are direction, level, color, diffusion, shadows, and like qualities of light, as well as the other physical features of the scene. See, e.g., Woodward, supra.
Second, Kraatz was walking in the light conditions which Benton provided and expected his customers to use in walking where she fell. The light conditions were not abnormal for the time or place so as to alert Kraatz or any other invitee to a need to forgo walking there. Third, Kraatz was walking on a surface Benton provided and expected his customers to use. She had no reason to expect or to suspect an obstruction in her path. Indeed, what would have been open and obvious to Benton’s customers was that the premises owner had provided both the light conditions and the surface conditions for them to use for walking, just as Kraatz was using them when she tripped and fell.
In the case before us, the issues of whether Benton breached his duty to Kraatz and whether Kraatz committed contributory negligence or assumed the risk are questions for the finder of fact. Spence v. Southern Pine Elec. Coop., 643 So.2d 970 (Ala.1994), and Bogue v. R & M Grocery, 553 So.2d 545 (Ala.1989). Therefore, the trial court erred in entering a summary judgment in favor of Benton. Thus the judgment of the Court of Civil Appeals is reversed and the cause is remanded for that court to order further proceedings.
REVERSED AND REMANDED.
*805 HOOPER, C.J., and COOK, SEE, BROWN, and ENGLAND, JJ., concur.
MADDOX and HOUSTON, JJ., dissent.
LYONS, J., recuses himself.