Plaintiff Maurice Ingram appeals from a summary judgment in favor of Defendant Akwell Industries, Inc. Plaintiff claims that the trial court, in determining the legal issue of whether there were triable issues of material fact, exceeded its authority and usurped the jury's duty by resolving the factual issue of whether Plaintiff, at the time of her fall, held the status of a licensee or invitee, and, upon that impermissible finding, granted Defendant's motion for summary judgment
We affirm
On April 19, 1979, Plaintiff went to the business premises of Defendant to deliver cigarettes to her husband, a truck driver and warehouse worker for Defendant. While there, Plaintiff received permission from the supervisor of the premises to enter one of Defendant's trucks and retrieve some trading stamps left there by her husband. As she was climbing out of the truck, Plaintiff slipped and fell, breaking her ankle
The record discloses that since 1977, when Plaintiff's husband began working for Defendant, Plaintiff, at the request of and with the approval of Defendant's transportation supervisor, has ridden with her husband on several of his trips in Defendant's truck. Furthermore, Plaintiff has, on several occasions, performed various other services for Defendant, including checking cargo and operating a forklift Notwithstanding the fact that Plaintiff's services were acknowledged and gratefully accepted by Defendant, Plaintiff was never compensated for these services by Defendant, was never actually employed by Defendant, and, at the time of her fall, was employed elsewhere
The ultimate issue here, as in any appeal from a summary judgment, is whether all the evidence shows that there is ". . no genuine issue as to any material fact and that the moving party [was] entitled to a judgment as a matter of law. . . ." ARCP 56 (c). On a motion for summary judgment, then, the trial judge must make the determination whether that triable issue exists, but the resolution of factual issues is a duty reserved to the jury. Bennett v. United Auto Parts, Inc., 294 Ala. 300,315 So.2d 579 (1975)
Plaintiff claims that the genuine issue of material fact,i.e., triable issue, is whether Plaintiff, at the time of her fall, was an invitee or licensee of Defendant. The resolution of this issue is, of course, determinative of Plaintiff's right to maintain an action against Defendant. That very resolution, says Plaintiff, citing Franklin Fire Insurance Co. v. Slaton,240 Ala. 560, 200 So. 564 (1941), is a factual question and it is for the jury to make that determination
We agree with this reasoning and note that this Court has stated, with regard to the status of a "licensee":
 "The duty owed by a landowner to one on his property generally depends on the status of the injured party in relation to *Page 899 
the land. See, e.g., Autry v. Roebuck Park Baptist Church, 285 Ala. 76, 229 So.2d 469 (1969). Where [the Plaintiff is] on defendant's property with his consent or as his guest, but with no business purpose, [Plaintiff] attains the status of a licensee and is normally owed only the duty not to be willfully or wantonly injured and not to be negligently injured after the landowner has discovered [Plaintiff's] peril. Autry v. Roebuck Park Baptist Church, supra."
Hickey v. Charlton, 335 So.2d 389 (Ala. 1976)
In a later case, again citing the Autry decision as our authority, we similarly defined an "invitee":
 "An invitee is a visitor, a transient who enters property at the express or implied invitation of the owner or occupier for the material or commercial benefit of the occupier."
Osborn v. Brown, 361 So.2d 82 (Ala. 1978)
Likewise, we have affirmatively held that Alabama will continue to recognize the distinction between a licensee and an invitee and the responsibilities which a landowner or an occupier has with respect to those in either category. McMullan v. Butler,346 So.2d 950 (Ala. 1977). Indeed, as we have pointed out, Plaintiff frames the issue so as not to challenge that distinction
We cannot agree with Plaintiff that the trial court erred in granting Defendant's motion for summary judgment. The evidence of record, when viewed most strongly in Plaintiff's favor, fails to reveal facts which would refute the evidence with which Defendant supports its motion for summary judgment. We observe that while Plaintiff, on several occasions, did, in fact, render services which inured to the benefit of Defendant, Plaintiff was never compensated in any way for any service rendered in Defendant's behalf nor was she ever considered an employee of Defendant; Plaintiff was employed elsewhere at the time of her accident; and Plaintiff had to come onto Defendant's premises on this particular occasion to accomplish two purposes which were of exclusive benefit to herself and to her husband with no mutual benefit of any kind flowing to Defendant.[1]
Notwithstanding Plaintiff's status during any earlier visits to Defendant's premises, we are here concerned only with her status at the time of her accident, which status, we conclude, was clearly that of a licensee; and, further, that Plaintiff was on Defendant's premises ". . . by permission or sufferance only, and not by virtue of any business or contractual relation with the owner or occupant inuring to the benefit of both, or by virtue of any enticement . . .," 65 C.J.S. Negligence § 63 (29). Clearly, we find Plaintiff's situation to be similar to that of the invitee who, upon exceeding the physical boundaries of his invitation, becomes a licensee. See Robinson v. MarylandCoal Coke Company, 196 Ala. 604, 72 So. 161 (1916). Here Plaintiff's coming to Defendant's premises on the day in question was the result of her own initiative and in furtherance of her personal errand and, therefore, exceeded thetime boundaries of any past invitation Defendant may have extended to her to ride with her husband or to perform various services for Defendant
We agree with the trial Court's conclusion that there was no genuine issue as to any material fact. There was no evidence presented by Plaintiff to indicate that, at the time of her accident, she held the status of an invitee; and, therefore, there was nothing to contradict that evidence which clearly indicated that Plaintiff's status was that of a licensee and nothing more. In other words, the evidence presented to this Court indicates that Plaintiff was precluded, as a matter of law, from proving her case. See Folmar v. Montgomery Fair Co.,Inc., 293 Ala. 686, 309 So.2d 818 (1975)
AFFIRMED
TORBERT, C.J., and MADDOX, JONES, SHORES, and BEATTY, JJ., concur
[1] In reciting these facts, we should emphasize that we do not hold, necessarily, that any single one of the facts would be sufficient to render Plaintiff, as a matter of law, a licensee as opposed to an invitee. Rather, it is the cumulative effect of the totality of the circumstances which leaves no factual issue to be resolved for a determination of her legal status. *Page 900