FAULKNER, Justice.
Plaintiffs, Randy Rye and Regan Rye, appeal from a summary judgment granted in favor of defendants Billy Boyette, Ruth Boyette and First State Bank of Lamar County. This cause grew out of a transaction in June of 1980 wherein the Ryes purchased a two-thirds interest in a grocery store in Sulligent, Lamar County, Alabama, from the Boyettes. The Ryes purchased the remaining one-third interest of Ruth Boyette’s on January 15, 1981.
The Ryes’ complaint alleged breach of contract, three counts of fraud, and outrage.
Defendants, Billy Boyette, Ruth Boyette, and First State Bank, denied any wrongdoing on their part and moved for summary judgment. Depositions of Billy Boyette, Randy Rye, and Regan Rye were offered in support of the motion.
The trial court granted defendants’ motion for summary judgment, stating in its order:
“Now, after due consideration of said motion, the Court is of the opinion that the Motion for Summary Judgment should be granted because there are no factual issues that should be submitted to a jury. The Court finds that the one year statute of limitation bars all tort claims. The complaint was filed more than one year from the time a reasonable and prudent person should have discovered any fraud or misrepresentation if it did in fact exist. The Court further finds that there is no evidence or genuine issue of fact that should be presented to a jury on the issue of breach of contract.”
The sole issue before this court is whether the granting of summary judgment in favor of defendants was proper. This issue can be broken down into two subissues:
(1) Whether or not the Ryes submitted a scintilla of evidence in support of their claim.
(2) Whether or not the Ryes are barred by the statute of limitations.
We will' address the issue of whether there is a scintilla of evidence of fact which entitles Randy Rye and Regan Rye to a jury trial first. The Ryes claim that Billy Boyette represented to them that the store contained in excess of sixty thousand dollars ($60,000.00) in groceries valued at wholesale and in excess of ten thousand dollars ($10,000.00) in store fixtures. The Ryes further submit that they were defrauded in regard to their contract for the sale of the store. The Ryes state'in their affidavits that the store was bought from Billy Boyette and that they later discovered Ruth Boyette owned the store. The Ryes also state that Billy Boyette was to remain a partner and that this agreement “never came to pass.”
Review of the evidence in this cause reveals, however, that there is no genuine issue of any material fact as to the fraud or contract counts. The evidence shows that neither Randy nor Regan Rye has paid any *1005 thing on the $75,000.00 purchase price of the Sulligent Discount Grocery since they purchased it on June 17, 1980, except the interest, and that nowhere in the affidavits of either Randy or Regan Rye do they state as a fact that they did not get $60,000.00 worth of groceries and $10,000.00 worth of fixtures. This court also notes that there is no credible evidence to prove any less inventory because there was a complete turnover of inventory before the end of 1980. The evidence also shows that in the Ryes’ sworn testimony they state that they bought the store from Ruth Boyette and that she was a partner until they bought her remaining one-third interest in the store. Thus, for the above reasons this court agrees with the trial court on the first subissue.
The second subissue on appeal concerns the statute of limitations. In its order the trial court stated that the “one year statute of limitations bars all tort claims and that this complaint was filed more than one year from the time a reasonable and prudent person should have discovered any fraud or misrepresentation if it did in fact exist.” The Ryes claim, however, that they were ignorant of any facts which would indicate to them that anything was wrong until within one year of the filing of this action.
A review of the evidence presented in this case shows that Randy Rye and Regan Rye knew or should have known the value of the groceries, equipment, and supplies in order to bring their fraud claim within the one-year period. Both Randy and Regan Rye were involved in the retail business and had both previously operated a grocery store. The Ryes also had exclusive possession and control of the groceries and fixtures beginning July 17, 1980. For four months, the Ryes failed to question the value of the groceries and fixtures; failed to have an inventory, although they had exclusive possession of the store; failed to question the persons performing the inventory prior to purchase, although the parties performing the inventory were previous employees of the Ryes and lived in the same town; and, failed to perform their own inventory.
As stated by this court in Papastefan v. B & L Constr. Co., Inc., 385 So.2d 966 (Ala. 1980), “the ‘fact constituting the fraud’ is deemed to have been discovered when it ought to have been discovered; that is, at the time of the discovery of facts which would provoke inquiry by a person of ordinary prudence and which, if followed up, would have led to the discovery of the fraud.” After reviewing the record in this cause, we are satisfied that the trial court correctly found that “[t]he complaint was filed more than one year from the time a reasonable and prudent person should have discovered any fraud or misrepresentation if it did in fact exist.”
This court is of the opinion that the motion granting summary judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.