This is an appeal from a summary judgment entered, pursuant to Rule 54 (b), in favor of Clarklift of Alabama, Inc., on the ground that the applicable statute of limitations bars Marks Fitzgerald Furniture Company's action for fraud against Clarklift. We reverse and remand.
Because this is an appeal from a summary judgment, we review the record for evidence which would yield any inference in support of Marks Fitzgerald's claim creating a factual dispute for resolution by a jury. In other words, in order to reverse the summary judgment below, there must have been factual evidence presented by the pleadings and supporting affidavits so that the trial judge necessarily made findings of fact in order to grant the motion for summary judgment. See Ingram v.Akwell Industries, Inc., 406 So.2d 897 (Ala. 1981). Therefore, we recite those facts most favorable to the argument of Marks Fitzgerald and from which must be inferred any disputed material fact. Fountain v. Phillips, 404 So.2d 614 (Ala. 1981);Papastefan v. B L Construction Co., 356 So.2d 158 (Ala. 1978).
In September of 1976 Marks Fitzgerald purchased from Clarklift a Clark lift truck which was represented as having a total lifting capacity of 2,500 pounds. On May 19, 1981, an employee of Marks Fitzgerald was injured when the lift truck toppled over and threw the employee to the floor. On October 30, 1981, the injured employee filed a personal injury action in Jefferson County Circuit Court, naming as defendants Clarklift of Alabama and John and David Marks, president and vice-president of Marks Fitzgerald, respectively.
On November 5, 1981, John Marks was served with the summons and complaint in the personal injury action. John Marks did not read these documents, but delivered them to Marks Fitzgerald's liability insurance carrier, as was his customary procedure in handling such papers.
In December of 1982, the deposition of Stanley Jackson, president of Clarklift, was taken in the pending personal injury action. The attorney hired by the Marks Fitzgerald insurance carrier informed John Marks that Jackson testified that the lift truck in question had a lifting capacity of only 1,500 pounds. On February 23, 1983, Marks *Page 616 
Fitzgerald filed a complaint in the Jefferson County Circuit Court, alleging that Clarklift and other defendants were guilty of fraud, breach of contract, and breach of warranty in the sale of the lift truck to Marks Fitzgerald. Clarklift's motion for summary judgment was granted as to the breach of warranty claim, but was denied as to the allegation of fraud. On reconsideration, however, the trial court entered a final order dismissing Clarklift as a party defendant, "it appearing to the court that the claim of fraud is barred by the statute of limitations."
Marks Fitzgerald raises one issue on this appeal: Based on the evidence before it, did the trial court err in granting Clarklift's motion for summary judgment on the fraud claim on the ground that it was barred by the statute of limitations?
A strict chronological view of the events leading up to this appeal would seem to support the trial court's conclusion. Clarklift points out that the injured employee filed suit on October 30, 1981, and alleged in his complaint that Marks Fitzgerald failed to warn him that the lift truck sold to Marks Fitzgerald by Clarklift had a load limit capacity of only 1,500 pounds rather than the represented 2,500 pounds. John Marks, president of Marks Fitzgerald, was served with the summons and complaint on November 5, 1981, less than one week after the personal injury suit was filed. It was not until February 23, 1983, approximately 16 months after receiving the summons and complaint in the injured employee's suit, that Marks Fitzgerald filed the instant action alleging fraud in the sale of the lift truck.
Recognizing that these circumstances would ordinarily preclude its fraud claim, Marks Fitzgerald contends that under § 6-2-3, Code of Alabama 1975, the statute of limitations for bringing an action for fraud is extended to one year after thediscovery of the fact constituting the fraud.[1] Here, argues Marks Fitzgerald, there was evidence before the trial court that Marks Fitzgerald learned of the lifting capacity discrepancy only after Stanley Jackson's deposition was given in December of 1982. That being so, Marks Fitzgerald says, its suit filed on February 23, 1983, was clearly within the year following its discovery of the fraud in December 1982.
Clarklift, however, points out the following well settled rule:
 "Fraud is deemed to have been discovered when it ought to have been discovered. It is sufficient to begin the running of the statute of limitations that claimant knew of facts which would put a reasonable mind on notice of the possible existence of fraud." Seybold v. Magnolia Land Co., 376 So.2d 1083, 1087
(Ala. 1979).
See, also, Rye v. Boyette, 429 So.2d 1003 (Ala. 1983); Ryan v.Charles Townsend Ford, Inc., 409 So.2d 784 (Ala. 1981);Papastefan v. B L Construction Co., supra. Citing these authorities, Clarklift then argues that the service of the summons and complaint on John Marks in November of 1981 was sufficient to put a reasonable mind on notice of the facts alleged in the complaint, including the fact of the lesser load lift capacity of the lift truck.
The ultimate inquiry, then, is whether Marks Fitzgerald should have discovered the fraud — or was put "on notice of the possible existence of fraud" — when John Marks was served with the summons and complaint in the employee's personal injury action. We find this issue to be one for the factfinder and not one for disposition on a motion for summary judgment.
 "Where there is evidence reasonably affording an inference as to whether a plaintiff was defrauded, and if so, when the plaintiff discovered the fraud, the case is one for the trier of fact. Letson v. Mutual Loan Society, 208 Ala. 285, 94 So. 288. In Birmingham Bond Co. v. *Page 617 Lovell, 5 Cir. (1936), 81 F.2d 590, it is stated:
 "`The province of the jury [is] to resolve the conflict in the evidence and to determine whether, on all the evidence, the statute of limitations created a bar to the suit."
 Ryan v. Charles Townsend Ford, Inc., at 409 So.2d 786-87 (quoting Loch Ridge Const. Co. v. Barra, 291 Ala. 312, 280 So.2d 745 (1973).
The evidence before us on appeal is, as it was before the trial court, clearly sufficient to raise an inference in support of Marks Fitzgerald's claim as to when the alleged fraud was discovered. We find that the trial court erred in granting Clarklift's motion for summary judgment on the issue of fraud; therefore, the judgment appealed from is due to be reversed and the cause remanded for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, ALMON, SHORES, ADAMS and STEAGALL, JJ., concur.
BEATTY, J., dissents.
[1] We recognize that recent amendments to our statutes of limitations extended the statutory period to two years effective January 9, 1985. See Act 85-39, Second Spec. Session, 1984-85 Ala. Acts, repealing § 6-2-39, and amending § 6-2-38
and § 6-2-3. Those amendments have no effect in this case.