SHORES, Justice.
This is an appeal from a summary judgment entered in favor of the defendant, Sheldon Finkel, on the ground that the applicable statute of limitations bars Lynda Carmichael’s claim for malpractice. We reverse and remand.
On March 17, 1982, Lynda Carmichael visited Dr. Finkel’s office to be fitted with temporary crowns. On this occasion, Dr. Finkel’s assistant stated, “Oh foot, I was supposed to be doing a cusp and a bicusp, but I’m doing two bicusps.” She also stat *229 ed, “We can make these work.” At this time, Ms. Carmichael expressed some concern, but was assured by the dental assistant that the permanent teeth would be shaped correctly.
Dr. Finkel fitted Ms. Carmichael with two permanent bicuspid crowns on May 4, 1982. Almost immediately, Ms. Carmichael noticed a bulky feeling in her mouth and shortly thereafter she began experiencing discomfort accompanied by headaches and pain in the shoulders, neck, and jaw.
On July 2, 1982, after Ms. Carmichael had complained of these ailments, Dr. Fink-el attempted to provide her with some relief by grinding one of the crowns down. Over the course of the next twenty-eight months, Ms. Carmichael returned to Dr. Finkel’s office on several occasions. Some of these visits were routine check-ups, while others were attempts to obtain relief from the pain allegedly caused by the two bicuspid crowns. Dr. Finkel continued to assure her that nothing was wrong and that the bulky feeling in her mouth was normal.
Ms. Carmichael last visited Dr. Finkel on October 24, 1984. On this occasion, she told Dr. Finkel that she felt the problem was caused by something done at the time the permanent crowns were inserted and that he should replace the crowns. Dr. Finkel did not acknowledge that the crowns were the cause of the problem, and he informed her that there was nothing that he could do.
Ms. Carmichael claims that on April 24, 1985, when she visited Dr. Bern, she first discovered that a bicuspid crown had been inserted by Dr. Finkel where a cuspid crown belonged. Dr. Bern told her that a replacement was necessary; she had that crown replaced and has not experienced any difficulty since.
Section 6-5-482, Ala. Code 1975, governs the time limitation for a malpractice action against a dentist. This statute provides in pertinent part:
1)The action must be commenced within two years next after the act, omission, or failure giving rise to the claim, except that if the cause of action is not discovered and could not have reasonably been discovered within this initial two-year period, then
2) The action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier.[1]
3) In no event may the action be commenced more than four years after such act.
Lynda Carmichael filed this action on October 24,1985, which was more than two years, but less than four years, after being fitted with an allegedly improper crown on May 4, 1982; but which was within six months of the date she says she first learned of the alleged malpractice. Therefore, this action is barred by statute if the plaintiff in fact discovered the alleged malpractice, or discovered facts that should reasonably have led to the discovery of it, more than six months before she filed her complaint on October 24, 1985.
Assuming that Ms. Carmichael did not discover the malpractice complained of until her visit to Dr. Bern on April 24, 1985, then the ultimate question is whether she had previously learned of facts which should have reasonably led to the discovery of it. “The province of the jury [is] to resolve the conflict in the evidence and to determine whether, on all the evidence, the statute of limitations created a bar to the suit.” Marks Fitzgerald Furn. Co. v. Clarklift of Alabama, Inc., 494 So.2d 614 (Ala.1986) (citing Birmingham Bond Co. v. Lovell, 81 F.2d 590 (5th Cir.1936)). Because this is an appeal from a summary judgment, we must view the facts in the light most favorable to the appellant, and if from these facts there is any disputed fact, the summary judgment must be reversed. Ingram v. Akwell Industries, Inc., 406 So.2d 897 (Ala.1981).
It is conceded by the appellant that during her last visit to Dr. Finkel, on October *230 24, 1984, she expressed her concern that the problem with her crowns was related to the original fitting. In addition, she informed Dr. Finkel of the statements made by the assistant during the fitting and inquired whether the assistant’s actions at that time could be the problem. Again, Dr. Finkel reassured her that nothing was wrong and that her complaints were normal.
The evidence before us on appeal is sufficient to raise a factual question as to whether, more than six months before filing her complaint, Carmichael had discovered the alleged malpractice or had learned facts which should have reasonably led to the discovery. This issue is one for the trier of fact and not one that can be determined on a motion for summary judgment. We find that the trial court erred in granting the summary judgment; therefore, the judgment is due to be reversed and the cause remanded for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.

. The statute has been interpreted to mean that even if the malpractice is discovered within the two years, a plaintiff still has six months in which to sue, even if that will carry the plaintiff past the two-year period. Tucker v. Nichols, 431 So.2d 1263 (Ala.1983).