This is a dental malpractice suit. Barbara and Charles Wright sued Dr. Major C. *Page 178 
Mills, alleging that he had been negligent in treating Mrs. Wright. Dr. Mills filed a motion for summary judgment, which the trial court granted. The Wrights appeal.
Dr. Mills began seeing Mrs. Wright as a patient in January 1965, and he continued to see her as a patient until October 6, 1987. She developed chronic gum disease during the 1970s, which Dr. Mills treated.[1] Dr. Mills attributed the chronic gum disease to poor dental care at home.
After Dr. Mills's last treatment of Mrs. Wright, the Wrights began to study various dental literature. In March 1989 the Wrights contacted an attorney to discuss legal action against Dr. Mills.
In June 1989, the Wrights also contacted the Alabama Dental Association to lodge a complaint against Dr. Mills. On June 26, 1989, the Alabama Dental Association mailed the Wrights various complaint forms, and on July 10, 1989, the Wrights completed, signed, and returned these forms. In the forms submitted, the Wrights indicated that their complaint against Dr. Mills was based upon "improper treatment for gingivitis, which later developed into periodontitis," and that "the periodontal disease wasn't treated professionally, resulting in loss of many teeth." In the mediation request form submitted by the Wrights they stated:
 "I visited Dr. Mills for over 20 yrs — approx[imately] 1978, Dr. Mills said I had periodontal disease. Over the next few years I was fitted with and lost (by Dr. Mills) three fixed bridges, one partial bridge, four crowns, plus several teeth [were] extracted.
 "Dr. Mills performed oral surgery many, many times. Never any flap surgery, or suthred [sic], etc. The last surgery was without an assistant, only Dr. Mills and myself, the surgery was the most drastic! (Stayed w[ith] my mother-in-law for a week.)
". . . .
 "What action would you like the local peer review committee to take?
 "Action that would be fair. I have spent lots of money w[ith] Dr. Mills and have very few teeth! Last six months spent over $1600.00 with dentist and periodontist. I have suffered extreme pain and blood loss with his surgeries without one good result."
The Alabama Dental Association forwarded a copy of the complaint to Dr. Mills, but he never responded. However, Mr. Wright indicated that a member of the peer review board stated that the peer review board could do nothing because Dr. Mills had retired. Mr. Wright stated that the board member intimated that the only action available would be a legal claim against Dr. Mills.
In November 1989, Mrs. Wright visited Dr. John Miller, a periodontist, whereupon she says she discovered that Dr. Mills had acted negligently in treating her. Thereafter, the Wrights filed their claim against Dr. Mills on February 28, 1990.
Dr. Mills moved for summary judgment, which the trial court granted. In its order the trial court stated:
 "This cause coming on to be heard is submitted for a ruling on the Motion for Summary Judgment filed by the Defendant, the pleadings and affidavits and depositions on file and the Court having considered the same, the Court finds as follows:
 "Dr. Mills last treated the plaintiff on October 6, 1987. Any act or omission or failure giving rise to a claim accrued on or before October 6, 1987. Under the two year Statute of Limitations, suit should have been filed prior to October 6, 1989.
 "In January of 1989, the plaintiff had been treated by [a] periodontist in Dothan and had acquired and read literature concerning periodontal disease. In March of 1989, the plaintiff discussed this problem with a lawyer and in June of 1989 the plaintiff filed a complaint with the Alabama Dental Association *Page 179 
alleging improper and unprofessional dental treatment by Dr. Mills on the plaintiff.
 "There is no question that sometime between January of 1989 and July of 1989, a cause of action was discovered or could have reasonably been discovered.
 "Suit was filed on February 28, 1990. Suit was filed more than six months from the date of discovery of the cause of action or from the date of discovery of facts which would reasonably lead to such discovery.
 "Therefore, the Court finds that this claim is barred by the Statute of Limitations as provided for in the Alabama Medical Liability Act, Section 6-5-482, Code of Alabama, 1975.
 "THEREFORE, IT IS ORDERED AND ADJUDGED as follows:
 "1. Motion for Summary Judgment filed by the defendant is granted.
 "2. Judgment for Dr. Major C. Mills against the plaintiffs, Barbara Wright and Charles Wright and the claim against the defendant is hereby dismissed with prejudice."
(Emphasis added.)
In her affidavit opposing Dr. Mills's motion for summary judgment, Mrs. Wright stated in part:
 "After last seeing Dr. Mills during January of 1988 [the record, however, indicates that she last saw Dr. Mills in October 1987] I went for over a year without seeing any other dentist. . . .
 "While I was gravely concerned about the condition of my teeth and mouth and while I made some attempts to ascertain exactly what my problem was as well as its cause, I never discovered that Dr. Mills had committed malpractice on me until I was told so by my present periodontist Dr. John Miller. In fact, I had attempted to seek an explanation from Dr. Mills by contacting the Alabama Dental Association in June of 1989. I was doing this in an attempt to find out what my problem was and what could be done about it. Although I suspected that Dr. Mills's treatment of me was 'questionable,' I simply did not know what my problem was. The Dental Association afforded me absolutely no relief however, because Dr. Mills refused to even respond to their request that he appear to answer my complaint. The Dental Association told me that there was nothing that could be done since Dr. Mills refused to cooperate. . . .
 "Although I felt that there must have been something that could have been done to improve the condition of my mouth and health in general, I never discovered that Dr. Mills had actually been negligent in his treatment of me until told this by Dr. Miller the first time I saw him in November 1989. Prior to that time, I had received no answers from either Dr. Mills or the Dental Association explaining why my mouth was in such a terrible condition or what had caused the condition. Before November of 1989 I was unaware of the fact that the cause of my problem was Dr. Mills's negligent treatment of me. As I am not familiar with dental procedures, I had no way of knowing that Dr. Mills did not exercise the degree of care, skill, and diligence on me that general dentists ordinarily would have exercised. In fact my attempts to ascertain exactly what Dr. Mills had done were always unsuccessful. This was so, in a large part, due to Dr. Mills's failure to respond to my inquiries as well as his refusal to respond and/or cooperate with the Alabama Dental Association with regard to the Peer Review Committee."
The Wrights contend that prior to November 1989 they only suspected that Mills had committed dental malpractice and that it was not until November 1989, when Barbara consulted Dr. John Miller, a periodontist, that they discovered facts sufficient to indicate that they had a claim against Dr. Mills. The Wrights further contend that a genuine issue of fact exists as to when they discovered the alleged malpractice of Dr. Mills; thus, they conclude that the trial court improperly granted Mills's motion for summary judgment because, they say, they *Page 180 
"discovered" their claim against Mills within the six-month discovery period.
Mills contends that the trial court correctly ruled on his motion because, he says, the Wrights had already discovered, or could have discovered during 1989, all the elements of their cause of action. Mills further contends that because the Wrights discovered their cause of action within the two-year period of limitations they are not entitled to any additional time provided under the discovery provision of § 6-5-482.
The issue for our consideration is whether the trial court erred in granting Mills's motion for summary judgment on the ground that the Wrights' cause of action was barred under Ala. Code 1975, § 6-5-482. Specifically, the issue concerns whether the Wrights discovered or should have discovered their cause of action in June 1989.[2] We reverse and remand.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for entering summary judgment. The rule requires that the trial court, in order to enter a summary judgment, determine: (1) that there is no genuine issue of material fact and (2) that the moving party is entitled to a judgment as a matter of law. We further note that all reasonable doubts concerning the existence of a genuine issue of material fact must be resolved against the moving party. Hanners v. Balfour Guthrie, Inc.,564 So.2d 412 (Ala. 1990). Once the moving party makes a prima facie showing that no genuine issue of material facts exist, then the nonmovant has the burden of going forward with evidence demonstrating the existence of a genuine issue of material fact. Grider v. Grider, 555 So.2d 104 (Ala. 1989).
Because this action was filed after June 11, 1987, Ala. Code 1975, § 12-21-12, mandates that the nonmovant meet his burden by "substantial evidence." Bass v. South-Trust Bank of BaldwinCounty, 538 So.2d 794, 797-98 (Ala. 1989). Under the substantial evidence standard, the nonmovant must present "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). More simply stated, "[a]n issue is genuine if reasonable persons could disagree." W. Schwarzer, Summary Judgment Underthe Federal Rules: Defining Genuine Issues of Material Fact,99 F.R.D. 465, 481 (1982).
Ala. Code 1975, § 6-5-482(a), provides:
 "All actions against . . . dentists, . . . for liability, error, mistake or failure to cure, whether based on contract or tort, must be commenced within two years next after the act or omission or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; provided further, that in no event may the action be commenced more than four years after such act; except, that an error, mistake, act, omission or failure to cure giving rise to a claim which occurred before September 23, 1975, shall not in any event be barred until the expiration of one year from such date."
In this case, Barbara Wright last saw Mills on October 6, 1987. It was at that time that the Wrights' cause of action accrued. Subsequently, the Wrights began to read and study dental literature. Mrs. Wright stated in her deposition:
 "Q. [By Dr. Mills's attorney.] What did you learn from your reading?
 "A. I learned that he [Dr. Mills] had no basis for the type of treatment that he did.
 "Q. Did you conclude that he was wrong in the way he treated you?
"A. Oh, most definitely. *Page 181 
"Q. That he was negligent?
"A. Yes.
"Q. Committed dental malpractice?
"A. Absolutely.
 "Q. And you came to that conclusion after you read these pieces of literature?
"A. I came to that conclusion.
 "Q. And that's when you contacted the Alabama Dental Association?
"A. Yes, it is.
Also in her deposition, Mrs. Wright testified as follows:
 "Q. Now, my question is, again, if your mouth was devastated, why did you wait a year to go to Dr. Dauphin and not see some dentist?
 "A. Because when I read that — and saw that Dr. Mills was guilty of malpractice or was almost certain to myself, I didn't know what to do, and I was — as I told, you, I was afraid to show my husband what he had done because he — my husband just thought of him as, you know, just a member of the family.
 "Q. And it was sometime before June 26, 1989, that you realized Dr. Mills had committed malpractice on your mouth?
"A. It was —
"Q. Isn't that right?
 "A. It was after — It was after his last surgery that I started studying and it was in my mind that he had done malpractice. And I tried for several months to tell my husband in a way that he wouldn't get upset about what Dr. Mills had done.
 "Q. But that was sometime before June 26, 1989, when you wrote the Dental Association, wasn't it?
"A. That he did the surgery?
"Q. That he had committed malpractice.
"A. Yes. This was —
". . . .
 "Q. [By the Wrights' attorney.] Barbara, just a few questions.
 "When you saw Dr. Dauphin, did Dr. Dauphin ever tell you that Dr. Mills had committed malpractice on your mouth?
 "A. Dr. Dauphin didn't know what had happened to my mouth.
 "Q. Now, these letters in June and July of '89, did you know for a fact at that time that Dr. Mills had committed malpractice?
 "A. Well, I was certain of malpractice when I saw Dr. Miller.
"Q. When did you first see Dr. Miller?
 "A. I think this was like November of '89 or — I think. I'm not positive."
In the case of Carmichael v. Finkel, 508 So.2d 228 (Ala. 1987), a case very similar to the one before us, the plaintiff brought a malpractice action against her dentist. The trial court granted the defendant dentist's motion for summary judgment and the plaintiff appealed. The plaintiff had been improperly fitted with crowns on May 4, 1982, and she experienced discomfort until another dentist discovered the improper fit and replaced the crowns on April 24, 1985. The defendant had last treated the plaintiff on October 24, 1984. At that time, the plaintiff informed the defendant that she felt that the problem with her teeth was caused by something done at the time the crowns were originally fitted and that the defendant should replace the crowns. The defendant, however, did not admit that that was the cause of the plaintiff's problem, and he informed her that he could do nothing. The plaintiff filed her action against the defendant on October 24, 1985 — more than two years after the fitting of her crowns but within six months of the date she claimed to have discovered the alleged malpractice. In reversing the judgment of the trial court, this Court stated:
 "[T]his action is barred by statute if the plaintiff in fact discovered the alleged malpractice, or discovered facts that should reasonably have led to the discovery of it, more than six months before she filed her complaint on October 24, 1985.
 "Assuming that . . . [the plaintiff] did not discover the malpractice complained of until her visit to Dr. Bern on April 24, 1985, then the ultimate question is *Page 182 
whether she had previously learned of facts which should have reasonably led to the discovery of it. 'The province of the jury [is] to resolve the conflict in the evidence and to determine whether, on all the evidence, the statute of limitations created a bar to the suit.' Marks Fitzgerald Furn. Co. v. Clarklift of Alabama, Inc., 494 So.2d 614
(Ala. 1986) (citing Birmingham Bond Co. v. Lovell, 81 F.2d 590 (5th Cir. 1936)). . . .
". . . .
 "The evidence before us on appeal is sufficient to raise a factual question as to whether, more than six months before filing her complaint, Carmichael had discovered the alleged malpractice or had learned facts which should have reasonably led to the discovery. This issue is one for the trier of fact and not one that can be determined on a motion for summary judgment."
508 So.2d at 229-30.
Similarly, the evidence before us on this appeal raises a factual question. This Court stated in Papastefan v. B LConstr. Co. of Mobile, 356 So.2d 158, 161 (Ala. 1978) that "there [was] evidence from which the jury could find that the plaintiffs discovered the fraud more than a year before bringing suit," but added:
 "[I]t is equally true that there is evidence from which the jury could conclude that the suit was brought within one year from the discovery of the fraud. In either event, a genuine issue of fact exists on this issue and it should be resolved by the trier of the facts."
356 So.2d at 161-62. See also Herring v. Shirah, 542 So.2d 271
(Ala. 1988) (question of when a cause of action was or should have been discovered is a question of fact for the jury);McLaughlin v. Pannell Kerr Forster, 504 So.2d 264 (Ala. 1987) (dispute over when plaintiff should have discovered cause of action is for the jury to decide); Marks Fitzgerald FurnitureCo. v. Clarklift of Alabama, Inc., 494 So.2d 614 (Ala. 1986) (jury must determine when plaintiff discovered facts sufficient to show the existence of a cause of action). Although Mrs. Wright stated in her deposition testimony that she knew at the time when she and her husband filed a complaint with the Alabama Dental Association that Dr. Mills had committed malpractice, there is also evidence that at that time she was only gathering information that would allow her to determine whether she had a cause of action against Dr. Mills for medical negligence. Because of that conflict in the evidence, the summary judgment was not appropriate; the disputed fact question must be decided by the trier of fact. Consequently, we reverse the summary judgment and remand the case for a determination by the factfinder of whether the Wrights discovered their cause of action in June 1989 or November 1989.
REVERSED AND REMANDED.
SHORES, ADAMS, KENNEDY and INGRAM, JJ., concur.
MADDOX, ALMON, HOUSTON and STEAGALL, JJ., dissent.
[1] Dr. Mills retired on August 26, 1987, but he continued to treat the Wrights until October 6, 1987.
[2] The Wrights concede that they brought their action more than two years after Mrs. Wright was treated by Dr. Mills; thus, their contention that their cause of action is not barred is based upon the argument that they did not discover until November 1989 that they had a cause of action against Dr. Mills.