MONROE, Judge.
This appeal follows the trial court’s entry of summary judgments in favor of the defendants, First Real Estate Corporation of Alabama, Linda Nelson, Lupee Desmond d/b/a North Bibb Realty, Bibb County, and the Bibb County Commission, on the plaintiffs claims alleging fraud, negligence, and breach of contract. The claims arose from the plaintiffs’ purchases of real property in Bibb County.
The facts relevant to this appeal are as follows: In July 1990, Donna Smelcer and her father contacted realtor Linda Nelson, who was employed by First Real Estate Corporation of Alabama, about property for sale in a developing subdivision named Woodstock Estates. At that time, there was only one house in the subdivision and all the roads were unpaved. Smelcer viewed several vacant lots and decided to purchase one. The lot was owned by the subdivision developers, Philip Sims, Sr., Don Jackson, and Van Gray. Smelcer informed Nelson that she wanted to purchase a lot, but that she wanted a provision in the sale contract stating that the road would be paved within one year. Nelson presented Sims with the offer on the property; Nelson testified that Sims struck the provision about the paving of the road and that, at Sims’s suggestion, she inserted a provision stating that the county would pave the road later. Nelson presented the contract to Smelcer, who acknowledged and initialed the changes. Smelcer testified that she also relied on a sign advertising the subdivision, which bore Nelson’s name as the selling agent, and representing that the subdivision would have paved roads. Smelcer purchased the lot from Sims on August 7, 1990, and began construction on her house in February or March 1992. In September 1992, Smelcer and her husband, Tracy Smel-cer, moved into the house.
Tom and Meza Kelley bought an existing house in Woodstock Estates on July 2, 1991, from Lila and David Crider. Nelson also served as the selling agent in this transaction, although, at this time, Nelson worked for North Bibb Realty rather than First Real Estate. Meza Kelley stated in deposition testimony that she asked Nelson when the road would be paved, and that Nelson informed her that, if she petitioned the county, the county would take over the road and pave it.
In May or June 1992, Bibb County Commissioner Ralph Stewart visited the Kelleys while campaigning for reelection. He also visited the Smelcers sometime before the November 1992 election. The Kelleys asked Stewart what could be done about the road. Stewart met with the county engineer, Harvey Flamholtz, who told Stewart that the roads were private, and, therefore, that the county could not pave them. Stewart testified that he relayed this information to the plaintiffs. However, Tom Kelley testified that Stewart visited his home sometime between November 1992 and July 1998 and told him that he was trying to get the road fixed and that the road had been scraped, although Kelley stated that he could not discern any difference in the condition of the road. Meza Kelley also stated that, about June 1998, Stewart visited and stated that he was getting the road “fixed.” Stewart testified that he did not recall any conversations with the plaintiffs after November 1992.
During the summer of 1993, the county installed a drainage pipe parallel to the county road at the bottom of the plaintiffs’ road to remedy a problem with debris from the *1204 plaintiffs’ road, Carriage Circle, washing onto the county road.
On October 26, 1998, the Smeleers and Meza Kelley attended a Bibb County Commission meeting, during which they raised the issue of the paving of the roads. Kelley informed the commission that she and the other plaintiffs had been trying to get the road paved for more than a year. They were informed by county engineer Flamholtz that the road was, in his opinion, a private road, and, therefore, that the county could not improve the road.
On November 30, 1994, the Kelleys and the Smeleers sued Sims, Jackson, Bibb County, the Bibb County Commission, Nelson, First Real Estate, and North Bibb Realty. On May 23, 1995, the plaintiffs amended the complaint to add Lupee Desmond, doing business as North Bibb Realty, as a defendant. Van Gray was added as a defendant by another amendment. Bibb County, the Bibb County Commission, Desmond, North Bibb Realty, First Real Estate, and Nelson filed summary judgment motions. On May 17, 1996, the trial court entered a summary judgment in favor of the moving defendants, holding that all the claims were barred by the applicable statute of limitations and that the claims against the Bibb County Commission were additionally due to be dismissed because the plaintiffs had failed to file a response to its motion for a summary judgment. The trial court made the resulting judgment final pursuant to Rule 54(b), Ala. R. Civ. P. The plaintiffs filed a post-judgment motion requesting the trial court to alter, amend, or vacate its judgment; the trial court denied the motion. The plaintiffs appeal.
A summary judgment is proper if there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P.; Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988). The party moving for a summary judgment must present, in support of its motion, evidence that would be admissible at trial. Rule 56(e), Ala. R. Civ. P. When the moving party makes a prima facie showing that no genuine issue of material fact exists,the burden shifts to the nonmoving party to rebut the showing by presenting substantial evidence creating a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence. is “substantial" if it is “of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). On review of the trial court’s judgment, we are required to view the record in a light most favorable to the nonmovant and to resolve all reasonable doubts in favor of the nonmovant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990).
The plaintiffs’ claims against Bibb County and the Bibb County Commission allege that the County negligently installed the drainage pipes at the bottom of Carriage Circle. They assert that the installation of the pipe caused the road’s condition to worsen and has caused the value of their property to decrease, for which they seek monetary damages. In support of its motion for a summary judgment, the county argued that the plaintiffs failed to comply with the relevant statutes of limitations, found in §§ 11-12-5 and -8, Ala.Code 1975, for presenting claims to and filing complaints against the County. In support of its argument, the County filed affidavits of county commissioners and the county engineer, as well as the minutes from the meeting during which the paving of Carriage Circle was discussed. The plaintiffs filed nothing in opposition to that motion.
The plaintiffs argue that there was' evidence in their materials presented in opposition to the other motions for summary judgments that contradicted the County’s assertion that it never performed any work on the road and that it never assured them that it would fix the road; The plaintiffs also argue that Bibb County and the County Commission failed to make a prima facie showing that there were no genuine issues of material fact, as required to shift the burden to the plaintiffs. However, the County presented evidence showing that the plaintiffs had failed to meet the statute of limitations and that it did not undertake to *1205 maintain Carriage Circle. Therefore, the burden shifted to the plaintiffs to present substantial evidence creating a genuine issue of material fact. Bass, supra; Rule 56(e), Ala. R. Civ. P. When a party opposing a properly supported motion for summary judgment fails to present any evidence to contradict that presented by the movant, the trial court mil consider the movant’s evidence to be uncontroverted. Voyager Guaranty Ins. Co. v. Brown, 631 So.2d 848 (Ala.1993). The plaintiffs failed to present any argument or evidence in response to the County and the County Commission’s motion for summary judgment; therefore, the trial court properly entered a summary judgment on those claims.
The plaintiffs also argue that the trial court erred by entering the summary judgments in favor of Nelson, North Bibb Realty, and First Real Estate. They assert that they introduced evidence that created genuine issues of material fact regarding their claims. The trial court entered a summary judgment as to these claims, based on its holding that the plaintiffs had not filed their claims within the applicable limitations period. The law regarding this issue is summarized in Kelly v. Connecticut Mutual Life. Ins. Co., 628 So.2d 454 (Ala.1993):
“ ‘A fraud action is subject to the two-year statute of limitations of Ala.Code 1975, § 6-2-38(l), but the two-year period does not begin to run until the plaintiff has discovered, or should have discovered, the fraud. See § 6-2-3.’ Howard v. Mutual Sav. Life Ins. Co., 608 So.2d 379, 381 (Ala. 1992). ‘The question of when a party discovered or should have discovered the fraud which would toll the statute of limitations is for the jury.’ Vandegrift v. Lagrone, 477 So.2d 292, 295 (Ala.1985). However, there are times when this question is removed from the purview of the jury. ‘The question of when a plaintiff should have discovered the fraud should be taken away from the jury and decided as a matter of law only in cases where the plaintiff actually knew of facts that would have put a reasonable person on notice of fraud.’ Hicks v. Globe Life & Acc. Ins. Co., 584 So.2d 458, 463 (Ala.1991) (emphasis original).”
Kelly, supra, at 458.
Our supreme court has also directed that an objective standard is to be applied to determine when a party should have discovered the alleged fraud. McGowan v. Chrysler Corp., 631 So.2d 842, 845 (Ala.1993). “ ‘Facts which provoke inquiry in the mind of a [person] of reasonable prudence, and which, when followed up, would have led to the discovery of the fraud, constitute sufficient evidence of the discovery.’ ” Id., (quoting Willcutt v. Union Oil Co. of California, 432 So.2d 1217, 1219-20 (Ala.1983)).
“Thus; it is the knowledge of such facts that would have alerted a reasonable person to the existence of a potential fraud, and not the actual knowledge of the fraud itself, that determines whether the question of the tolling of the limitations period in a fraud case can be decided as a matter of law.”
McGowan, supra, at 845 (emphasis in original).
The plaintiffs, in their complaint, alleged that they first became aware in June 1993 that the County was not going to pave Carriage Circle. The defendants argue that the plaintiffs, who had owned their properties since August 1990 and July 1991, and who had been making inquiries about the road for most of that time, should have become aware before November 30, 1992, of the possibility of the alleged fraud.
On appeal, the plaintiffs assert that it was not until they attended the county commission meeting on October 26, 1993, that they obtained actual knowledge that the County would not accept any responsibility for the road. The record contains Commissioner Stewart’s deposition testimony, in which he stated that he was “pretty sure” that, before the November 1992 election he related to Meza Kelley the substance of his conversation with Flamholtz; i.e., that the road was private and that the County would not pave it. However, this testimony, is contradicted by the Kelleys’ deposition testimony, and by Tracy Smelcer’s testimony, in which they state that Stewart visited them and told them that he was getting the road fixed. Some of *1206 this testimony indicated that these conversations took place after the November 1992 election. A summary judgment is only proper when “there are no disputed questions of fact on which reasonable people could differ.” Kizziah v. Golden Rule Ins. Co., 536 So.2d 943, 946 (Ala.1988). The evidence regarding when the plaintiffs actually knew that the County would not pave the road is in conflict. Furthermore, they relate instances when they inquired about the road and claim that they were told that it would be paved. See, e.g., Howard v. Mutual Savings Life Ins. Co., 608 So.2d 379, 383 (Ala.1992) (reversing a summary judgment for the defendant on the plaintiffs fraud claim where there was evidence that the plaintiff inquired about her suspicions of the alleged fraud and was falsely informed). “The province of the jury [is] to resolve the conflict in the evidence and to determine whether, on all the evidence, the statute of limitations created a bar to the suit.” Marks Fitzgerald Furniture Co. v. Clarklift of Alabama, Inc., 494 So.2d 614, 617 (Ala.1986). Therefore, we hold that this conflict in evidence is one that should have been resolved by the factfinder and is inappropriate for disposition by a summary judgment.
Nelson, First Real Estate, and North Bibb argue that, even if the plaintiffs’ claims .are. not barred by the statute of limitations, the summary judgment was proper because, they argue, the plaintiffs failed to submit substantial evidence in support of their fraud claims.
To recover for fraud, a plaintiff must prove 1) a misrepresentation, 2) of a material fact, 3) relied upon by the plaintiff, 4) that proximately caused loss or damage. Ballew v. Charter Realty ERA, 603 So.2d 877 (Ala.1992). The legal definition of fraud includes an innocent misrepresentation if the representation concerns ah existing material fact upon which the plaintiff relies. Coaker v. Washington County Bd. of Education, 646 So.2d 38, 42 (Ala.Civ.App.1993); § 6-5-101, Ala.Code 1975. However, when the fact represented is an act to be performed in the future, the plaintiff must not only prove falsity, but also that, when the statement was made, there was an actual fraudulent intent not to perform the act promised and an intent to deceive the plaintiff. Ballew, supra, at 881.
The defendants argue that the alleged misrepresentations would fall into the category of promissory fraud because the paving of the road was an act to be performed in the future. They further argue that the plaintiffs produced no evidence showing bad faith on Nelson’s part or showing that Nelson intended to deceive them, and, therefore, that the summary judgment was appropriate.
However, we conclude that the evidence submitted in support of, and that presented in opposition to the summary judgment motions presents numerous factual issues, including whether the casé falls within the category of ordinary fraud or in the category of promissory fraud.[1] The plaintiffs presented evidence in support of their fraud claim: The plaintiffs testified, and Nelson conceded, that Nelson informed them that Carriage Circle would be paved. The plaintiffs testified that they relied on her assurances and that they would not have purchased property in Woodstock Estates had they known that the roads would not be paved. The plaintiffs also testified that they had had their homes appraised, and that they were told that their homes were not comparable in value to similar homes because they were located on an unpaved road. Based on this evidence, we conclude that the plaintiffs introduced substantial evidence of a misrepresentation of material fact, justifiable reliance, and damages; this evidence required submission of these issues to a jury. Therefore, the entry of a summary judgment in favor of Nelson, First Real Estate, and North Bibb Realty was in error.
The plaintiffs also argue that the trial court erred when it amended its judgment to make it a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. Rule 54(b) allows the trial court to make final an order that adjudi *1207 cates fewer than all the claims presented in a case when there is no just reason for delaying finality. Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373 (Ala.1987). In Branch, the Court reiterated that Rule 54(b) certifications should not be routinely entered, but should be granted only in exceptional cases. Id. at 1374. Application of Rule 54(b) is appropriate where the claims presented can be separately enforced. Id. In the present case, there appears to be no reason that the claim against Bibb County and the Bibb County Commission cannot be disposed of separately from the remaining claims. The claim against Bibb County and the Commission alleged negligence, while the other claims assert breach of contract and fraud. These claims are not “so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.” Id. Therefore, we find no error in the trial court’s entry of a final judgment pursuant to Rule 54(b).
The plaintiffs also assert that the trial court abused its discretion when it denied their post-judgment motion. The trial court has broad discretion in ruling on such motions; its exercise of discretion is presumed to be correct and its judgment will not be reversed on appeal unless it is shown to be plainly and palpably wrong. Smith v. Smith, 656 So.2d 814, 815 (Ala.Civ.App.1994). We find no abuse of discretion by the trial court in denying the motion to alter, amend, or vacate its judgment as to Bibb County and the Bibb County Commission.
The judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
YATES, J., concurs.
ROBERTSON, P.J., concurs in the result.
CRAWLEY and THOMPSON, JJ., concur in part and dissent in part.

. The Kelleys’ claims against Nelson and Bibb Realty is based on Nelson's statement that, ”[t]he county law is that, when two people live on the road, you can petition the County and the County will take over the road.” This presents the question whether this is a representation of an act to take place in the future or a representation of present fact; i.e. County law on the subject.