BEATTY, Retired Justice.
The plaintiff, Billy Glen Jackson, appealed from a summary judgment entered in favor of the defendant, Industrial Distribution Services Warehouse, Inc. (“IDSW”). Our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975. We affirm in part, reverse in part, and remand.
IDSW operates an industrial warehouse in Birmingham. A heavy snow fell in the Birmingham area in mid-March 1993, causing significant damage and disruption in the area. On the morning of March 15, when IDSW’s vice president, David Blount, arrived at the warehouse, he discovered that it had sustained substantial structural damage because of the snowstorm. A portion of the roof had collapsed, water pipes were broken, and the basement was flooded. In addition, the building had no electricity. Blount called the Birmingham Fire Department and the Birmingham/Jefferson County Emergency Management Agency. After inspecting the damage to the warehouse, both the fire department and the emergency management agency found that no stored chemicals had *14 spilled and they approved Blount’s request to have the water pumped out of the basement.
At all pertinent times, Jackson owned and operated Southern Equipment and Chemical Company. The business sold chemicals, cleaned up spilled chemicals, and rented cleanup equipment and pumps. Blount called Jackson at home to hire him to remove the water in the IDSW basement. Jackson stated that Blount told him about the flooded basement, in which barrels of chemicals were floating, and said he understood that Blount wanted the water pumped out and the barrels secured immediately, regardless of the cost. Blount stated that Jackson agreed to meet him at the warehouse, and he said that he expected to meet Jackson outside the warehouse office when he arrived.
Jackson arrived at the warehouse approximately 30 to 45 minutes after Blount’s telephone call. A fire truck was parked in front of the building with its emergency lights flashing; three firemen were outside the building. Jackson said he spoke with one of the firemen, who told him that the building had no electricity. Jackson asked the fireman to go inside with him to find the man who had telephoned him. The fireman said a man was with his captain and that he would show Jackson where they were. No one associated with IDSW was aware that Jackson had arrived or had entered the building.
Jackson and the fireman went through an exterior door into an office, where the open exterior door provided light. Jackson stated that the fireman then said to follow him, and went through another door into the warehouse itself. Jackson followed the fireman into the warehouse, where the only light came from holes in the building’s roof. The fireman had a flashlight, but Jackson did not. Jackson said that after he and the fireman stopped walking, the fireman called for his captain. When the captain replied, Jackson said he saw the silhouettes of two people approximately 50 feet away, one of whom was holding a flashlight pointing downward. At that point, Jackson took a step in the direction of the silhouettes and fell approximately five feet. He could not see that he had been standing on the edge of an interior loading dock. Jackson admits that he was not familiar with the building, that he could not see what was in front of him, and that he assumed he was stepping onto a floor. He was seriously injured as the result of his fall. Blount maintains that he was not aware that Jackson had entered the building and that he had been injured until approximately two weeks after the accident.
Jackson sued IDSW, alleging, among other things, that IDSW had negligently and wantonly allowed him to fall, that the loading dock was defective and/or unreasonably dangerous, that IDSW had failed to remedy the defect and/or danger that caused him to fall, and that IDSW had failed to warn him about the defect and/or danger. On April 5, 1996, IDSW moved for a summary judgment and submitted certain deposition excerpts in support of its position. On April 16, Jackson submitted a brief and evidentiary materials in opposition. On April 18, the day before IDSW’s motion was set for oral argument, IDSW filed an affidavit executed by Blount; Jackson moved to strike it. On April 23, without ruling on Jackson’s motion to strike, the trial court entered a summary judgment in favor of IDSW.
Jackson argues that he was a business invitee, rather than a licensee; that the alleged hazard was not open and obvious as a matter of law; that he was not guilty of contributory negligence or assumption of the risk as a matter of law; and that he presented substantial evidence of wantonness. He also argues that this court should not consider Blount’s affidavit in its review.
Our standard for reviewing a summary judgment is well settled. The summary judgment was proper if there was no genuine issue of material fact and IDSW was entitled to a judgment as a matter of law. Rule 56, Ala. R. Civ. P. IDSW had the burden to make a prima facie showing that no genuine issue of material fact existed and that it was entitled to a judgment as a matter of law. Long v. Jefferson County, 623 So.2d 1130, 1132 (Ala.1993). If IDSW made that showing, then the burden shifted to Jackson to present evidence creating a genuine issue of material fact, so as to avoid the entry of a judgment against him. Id. In deciding whether there was a genuine issue of materi *15 al fact, we view the evidence in the light most favorable to the nonmovant and resolve all reasonable doubts against the movant. Id. The applicable standard of review is the “substantial evidence” rule. § 12-21-12, Ala. Code 1975. “Substantial evidence” is defined as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
We first address Jackson’s contention that he was a business invitee, rather than a licensee. The distinction is important because the duty owed by a landowner to someone on the landowner’s property generally depends on the status of the injured party in relation to the land. See Autry v. Roebuck Park Baptist Church, 285 Ala. 76, 229 So.2d 469 (1969). In Copeland ex rel. Copeland v. Pike Liberal Arts School, 558 So.2d 100 (Ala.1989), our supreme court defined a “licensee” as follows:
“If a person is found to have been on a landowner’s property with the landowner’s consent or as his guest, but with no business purpose, the person is a licensee and the landowner owes him the duty not to willfully, wantonly, or negligently injure him after the landowner has discovered danger to the licensee.”
553 So.2d at 102. In Ingram v. Akwell Industries, Inc., 406 So.2d 897 (Ala.1981), the court defined an “invitee” as follows:
“ ‘An invitee is a visitor, a transient who enters property at the express or implied invitation of the owner or occupier for the material or commercial benefit of the occupier.’ ”
406 So.2d at 899 (quoting Osborn v. Brown, 361 So.2d 82, 87 (Ala.1978)). If Jackson was an invitee, then IDSW had a duty “to use reasonable care and diligence to keep the premises in a safe condition, or, if the premises are in a dangerous condition, to give sufficient warning so that, by use of ordinary care, the danger can be avoided.” Armstrong v. Georgia Marble Co., 575 So.2d 1051, 1053 (Ala.1991) (emphasis in original). As a general rule, the question whether a plaintiff is a licensee or is an invitee of the defendant is a question that should be resolved by the trier of fact. Ingram, 406 So.2d at 898; Winn-Dixie, Montgomery, Inc. v. Cox, 284 Ala. 362, 224 So.2d 908 (1969). Jackson presented substantial evidence in support of his claim that he was at the warehouse at Blount’s request to provide a service that would have been of commercial benefit to IDSW; therefore, the question whether Jackson was a licensee or was an invitee should have been presented to a jury.
IDSW argues that Jackson’s status is immaterial because a landowner is not hable to an invitee for injuries resulting from a danger that is known to the invitee or that the invitee should have observed by exercising reasonable care. See Williams v. Newton, 526 So.2d 18 (Ala.1988). IDSW argues that because “[djarkness is a plain condition which is open and obvious,” quoting Owens v. National Sec. of Alabama, Inc., 454 So.2d 1387, 1389 (Ala.1984), it did not owe Jackson any duty to warn him about the darkness in the building or about any concealed hazards within the building. We disagree. In Owens, the plaintiff argued only that the defendant had a duty to warn him that a building through which he walked would be dark. Our supreme court noted that the plaintiff did not argue that the defendant was responsible for positioning or moving the equipment over which the plaintiff tripped. In the case before us, Jackson argues that the loading dock itself was defective or unreasonably dangerous and that IDSW had failed to remedy that condition. His expert witness testified that the loading dock should have had some type of physical guard or railing in place to safeguard against the hazard of a five-foot drop inside a building. Furthermore, Jackson did not attempt to walk through the dark warehouse alone, but entered the building with a fireman who apparently had been inside before he offered to take Jackson to the owner. The circumstances of this case do not conform to the typical “step in the dark” case in which a landowner is absolved of any duty to warn of unseen hazards. We cannot say that the alleged hazard presented by the loading dock was open and obvious as a matter of law.
*16 Next, we address Jackson’s argument that the evidence did not compel a conclusion that he was guilty of contributory negligence or assumption of the risk. If an invitee is aware of a dangerous condition and does not avoid it, he or she is contributorily negligent as a matter of law. Sutton v. Mitchell Co., 534 So.2d 289 (Ala.1988). IDSW again argues that the darkness of the warehouse was a danger of which Jackson was aware and that he did not avoid it. Even so, Jackson was not aware of the unusual hazard of an interior loading dock without any type of guardrails or other warning devices. Alabama law requires: “Once it has been determined that the duty owed to an invitee has been breached, questions of contributory negligence, assumption of the risk, and whether the plaintiff should have been aware of the defect, are normally questions for the jury.” Bogue v. R & M Grocery, 553 So.2d 545, 547 (Ala.1989). After reviewing the evidence presented by Jackson, we cannot say that, as a matter of law, Jackson was contributorily negligent, assumed the risk, or should have been aware of the defect that caused his injuries. All of those questions should have been presented to a jury.
Viewing the evidence in the light most favorable to Jackson, we conclude that he presented substantial evidence that created genuine issues of material fact regarding whether he was an invitee and whether he was contributorily negligent, assumed the risk, or should have been award of the hazard; therefore, a summary judgment in favor of IDSW was inappropriate. The summary judgment procedure is not a substitute for a trial on disputed issues of fact and cannot be used to deprive a litigant of a proper trial to resolve genuine issues of material fact. Duckett v. Wilson Hotel Management Co., 669 So.2d 977 (Ala.Civ.App.1995).
Finally, we address Jackson’s contention that he presented substantial evidence that IDSW’s acted wantonly. Wantonness is defined as “ ‘the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty an injury will likely or probably result.’ ” Boudousquie v. Marriott Management Serv. Corp., 669 So.2d 998, 1001 (Ala.Civ.App.1995) (quoting Instruction 29.00, Alabama Pattern Jury Instructions: Civil). In Boudousquie, the manager of the facility in which the plaintiff was injured testified that he recognized the potential hazard that caused the injury, that no warning existed, and that he had knowledge of a previous injury caused by the same hazard. In this case, however, we find no evidence of wanton misconduct on IDSW’s part. The summary judgment was appropriate as to Jackson’s wantonness claim; it is affirmed as to that claim. The remainder of the judgment is reversed, and the cause is remanded for further proceedings. Because we reverse the summary judgment as to all claims except wantonness, we need not address Jackson’s argument that the trial court should have granted his motion to strike Blount’s affidavit.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All the judges concur.