MADDOX, Justice
(dissenting).
This Court granted certiorari review to consider whether the Court of Civil Appeals erred in reversing the summary judgment entered by the trial court in favor of the defendants Linda Nelson; Lupee Desmond, d/b/a North Bibb Realty; and First Real Estate Corporation of Alabama. The Court of Civil Appeals reversed the summary judgment with an opinion by Judge Monroe stating that the plaintiffs had presented substantial evidence creating genuine issues of material fact as to whether the defendants had committed a fraud, the nature of any fraud committed, and whether the statute of limitations barred the plaintiffs’ action. This Court now quashes the writ as having been improvidently granted. I dissent.
The facts and legal issues presented in this case are adequately stated in Judge Monroe’s opinion and Judge Crawley’s dissenting opinion. Kelley v. First Real Estate Corp. of Alabama, 706 So.2d 1201 (Ala.Civ.App.1997).
In dissent, Judge Crawley and .Judge Thompson "wrote that they believed that the evidence showed that the alleged misrepresentation fell into the category of “promissory fraud”; that the plaintiffs presented no evidence indicating that the defendants had intended to deceive them; and that the summary judgment was therefore proper and should be affirmed. After reviewing the rec *1209 ord, I am persuaded by the reasoning of the two dissenting judges of the Court of Civil Appeals, and I believe that the majority of this Court, in quashing the writ, has not sufficiently considered the holding in Ballew v. Charter Realty ERA, 603 So.2d 877 (Ala.1992). In that case, the plaintiffs sued a real estate company and its sales agent, alleging that the agent had fraudulently misrepresented that the plaintiffs would have no problem in getting a bank loan to purchase a particular house. The loan was denied. Because the alleged misrepresentation related to an act that was to take place in the future, this Court held that the plaintiffs’ claim alleged promissory fraud. On a claim of promissory fraud, the plaintiff must prove, in addition to the basic elements of fraud, that the defendant made the false representation with the present intent not to perform the future acts and that the defendant intended to deceive. AT & T Information Systems, Inc. v. Cobb Pontiac-Cadillac, Inc., 553 So.2d 529, 532 (Ala.1989).
In this case, the alleged misrepresentations related to acts that were to be performed in the future, specifically, the paving of subdivision roads by Bibb County; therefore, it appears to me, this case involves a claim of promissory fraud, as did Ballew. The evidence in this case is undisputed that the selling agent, Linda Nelson, believed that the county was going to pave the roads. Consequently, the plaintiffs were required to present sufficient evidence that the defendants had intended to deceive them; they did not present such evidence. Therefore, the plaintiffs failed to supply a necessary element of their claim of promissory fraud.
HOOPER, C.J., and SEE, J., concur.